## BOGUILLE, Administrator, *v.* FAILLE.

A sheriff, made a party to proceedings commenced by injunction, only for the purpose of notifying him that the execution of the writ in his hands has been suspended, having no interest in the result of the proceedings, need not be made a party to any appeal taken from the judgment below.

A creditor having a special mortgage importing a confession of judgment, may obtain an order from a court of ordinary jurisdiction for the seizure and sale of the hypothecated property, though the mortgagor has since died, and his succession been accepted by the heirs with

benefit of inventory. The hypothecary action is a real action, following the property into whosesoever hands it may be found. C. P. 61 to 67, 734, 744. C. C. 1370, 1382, 1387, 1395, 1396. Being a real action, it may be instituted before a court of ordinary jurisdiction. C. P. 983.

APPEAL from the District Court of the First District, *Buchanan*, J. *Morel*, for the appellant.

*J. F. Pepin*, for the defendant. The hypothecary action is a real action, and should be brought before the ordinary tribunals. *O'Donogan* v. *Knox*, 11 La. 384. Code of Pract. arts. 41, 42, 61 to 74, 163, 733, 734, 744, 983. Civil Code, arts. 1370, 1382 to 1387, 3360, 3361. Whether the mortgaged property belong to a succession which has been accepted with benefit of inventory, or not, can make no difference. The benefit of inventory only exempts the heir from responsibility beyond the amount of the succession. It does not change his obligations in any other respect. Chabot, Comm. sur les Successions. Arts. 803, 873 Code Nap. Merlin, *verbo* Bénéfice d'Inventaire. Duranton, (Paris ed.) vol. 7, nos. 39 to 50. 4 Toullier, no. 355.

The judgment of the court was pronounced by

KING, J. The plaintiff is appellant from a judgment dissolving an injunction issued at his instance, staying the execution of an order of seizure and sale.

A motion has been made to dismiss the appeal, on the ground that the sheriff, who was a party to the judgment below, has not been brought before this court. That officer was a mere nominal party to the proceedings, without interest of any kind in the result of the litigation, on whom citation was served only for the purpose of notifying him that the further execution of the writ in his hands had been suspended by an order of the court. He had no such connection with the cause, as rendered it necessary that he should be cited to answer the appeal.

*E. Faille*, the defendant in this suit, was the creditor of *François Boguille*, by a special mortgage importing a confession of judgment. *Boguille* died, leaving several heirs, who accepted his succession with the benefit of inventory. The hypothecated property remained unsold in the possession of the administrator and heirs of the deceased. *E. Faille* obtained an order for the seizure and sale of the immovable affected by her mortgage, and was proceeding with the preliminary steps to a sale, when the plaintiff caused the further execution of the writ to be suspended by an injunction, contending that the claim of *Faille* was a moneyed demand, the payment of which could only be enforced in the Probate Court, and that the succession, being in a course of administration, the property composing it could only be disposed of under the authority of that court.

It is true that, as a general rule, Probate courts have exclusive jurisdiction of money demands against successions, but the rule is not without exceptions. Code of Practice, arts. 996, 983. The right of the hypothecary creditor to proceed against the mortgaged property in the possession of the debtor's heirs, appears to be beyond controversy. The Code of Practice, after declaring that the hypothecary action is a real action, which follows the property to which it is attached in *whatever hands it may be found*, provides that, if the debtor has died, leaving a single heir who has accepted the succession, or if he leave several heirs who have accepted the succession, and there has been no partition among them, the creditor shall be entitled to seize and sell the hypothecated property in the same manner as if the original debtor were still alive. After the partition, the creditor may proceed by the same action against the heirs to whose shares the

BOGUILLE
*v.*
FAILLE.

mortgaged property may have fallen. Code of Pract. arts. 61 to 67, 734, 744. Civil Code, arts. 1370, 1382, 1387, 1395, 1396. Being a real action, it may be exercised in the courts of ordinary jurisdiction. Code of Pract. art. 983. It is urged that the rules established in relation to the hypothecary action, when exercised against property in the hands of heirs, apply only to successions accepted purely and simply, and not to beneficiary successions. We find no such limitation, and have heard no satisfactory reason assigned for adopting such an interpretation. The Code of Practice speaks of heirs who have accepted, without qualifying the acceptance, as being unconditional, or with the benefit of inventory.

It is objected that, the mortgaged property is subject to privileges, which are preferred to the creditor's mortgage, and that, if the order of seizure and sale be maintained, the effect will be to deprive the privileged creditors of their liens. No such result can occur. The law has provided ample means for the protection of privileged claims, under whatever authority the property subject to them may be sold.

It has also been contended that, at the time the order of seizure and sale was obtained, there was a litigation pending between the same parties, upon the same subject, in the Probate Court. It appears that the administrator filed in that court a tableau of the distribution of the funds in his hands, arising from a sale of moveables. The present defendant opposed the tableau as having been irregularly filed, and the allowance of several claims figuring upon it, on the ground that they were excessive, reserving expressly her right to proceed upon her mortgage. The object of that litigation is wholly different from that of the proceedings enjoined in the present action.

*Judgment affirmed.*