Baltze-ll, J.-,
delivered the following opinion:
This is a suit.in Chancery, filed’ by appellant as Administrator of his wife, who was one of the legatees of the late Malcom Nicholson, deceased, to recover the personal property to which she was entitled by virtue of the will of' her father. Defendants filed a demurrer to the bill, which, by consent of parties, was. sustained, thereby dismissing the bill, so as to take the case to the Appellate Court.
Whilst the right.of Complainant to relief has not been very seriously questioned, the Gourt has been earnestly desired by both parties to decide the question as to the distribution of the property, in the event of a recovery’, whether it shall be held by complainant as husband, without distribution, or whether it shall be distributed agreeably to the law of the State regulating descents.
Desirable as it may be to prevent litigation by an early adjudication of matters in dispute between parties, the Court is constrained by a sense of propriety, as well as the superior injunction of the Constitution of the State, not to determine questions unless they are presented by the cases before them. Such resolutions partake not of the character of decisions and impose no obligation, if indeed they might obtain the respect sometimes accorded to an opinion of the *380 judges informally delivered. The parties are not concluded by them, and so far from ending a controversy, their tendency may be to prolong and embitter it, involving, it is to be feared, the tribunals of justice in the consequences attendant upon a false and erroneous position. A Court should not, we think, especially one of the last resort, so place -itself as to pronounce a decision which may not be rightfully carried into execution. We therefore decline the exercise of jurisdiction until a proper case is made and presented.
This question disposed of, the enquiry remains, whether the Court erred in giving a decree for defendants. There is no reason,'that we have been able to discover, for refusing the relief asked for.— Complainant, as Administrator, is entitled to the estate of his intestate, let the distribution be as it may. The object of the bill was to obtain this, arid no objection has been presented to it either in form or in substance.
The only, point of objection raised, is that the grant of letters of Administration was void; but there is nothing in the record to justify such a conclusion, nor do the pleadings raise the question. The demurrer is a general one to the equity set forth in the bill, and if it does not admit plaintiff’s right in this respect, certainly does not contest nor put it in issue. The fact of non-residence at the date of the grant, upon which this exception has been presented, is not even made out by the record.
We are' of opinion, therefore, that the demurrer should have been •overruled in the Court below, and the defendants ordered to answer.
It is therefore decreed and ordered that the decree of the Superior Court be, and the same is hereby reversed, and the cause remanded tor further proceedings not inconsistent with this opinion.