## James J. Campau and others v. Theodore J. Campau and others.

*Administrators: Right to possession, etc., of real estate.* The right of an administrator, under the statute (*Comp. L.,* § *2904*) to the possession of the real estate of his intestate and the rents and profits thereof, pending the settlement of the estate, is not an estate or right of property; nor is it an interest which the administrator can dispose of as such. This right is a mere statute power, given for the benefit of creditors and dependent upon the statute.

*Legislative power: Repeal of statute: Administrators.* It is competent for the legislature to take away from the administrator the power of taking or holding the possession, rents, and profits of the real estate of his intestate, by the repeal of the provision of the statute upon which alone the power depended; and this, as well after as before the administrator had taken possession; and such was the effect of the amendment of said statute in 1871. (*Sess. L. 1871, p. 80.*)

*Right of possession of real estate of deceased persons.* This right of possession is not one of which the probate court has exclusive jurisdiction, or, since the passage of said amendment, any jurisdiction at all; and it is no defense to an application for a writ of possession under the decree in a partition suit.

*Administrators: Costs.* Where, in a partition suit, a petition is filed for a writ of possession under the decree, and the persons who are acting as administrators of the common ancestor are made defendants in their individual capacity, and they claim the right to possession, only as such administrators, notwithstanding the repeal of the statute conferring that right, if it appears that they did not take and hold the possession in good faith, or for any legitimate purpose of administration, costs will be awarded against them individually, and they will not be entitled to charge the same against the estate.

*Special damages.* In this case damages under the statute for the vexation and delay of the appeal were awarded to the appellees.

*Heard April 30. Decided May 14.*

Appeal in Chancery from Wayne Circuit.

*D. C. Holbrook,* for complainants.

*Theodore Romeyn,* for defendants.

CHRISTIANCY, CH. J.

By a decree of the circuit court in chancery for the county of Wayne, in the above entitled cause, a partition of the real estate of the late Joseph Campau, deceased, was made among his heirs (which was affirmed by this court, *19 Mich., 116*), by which the shares of the complainants (who were the children of James J. Campau, one of the sons of the deceased,) were set off to them jointly and in common, subject to the dower of their mother (widow of James J. Campau, and now, by a subsequent marriage, Mrs. Yates), the shares of all the other heirs of said Joseph Campau, deceased, being set off to them in severalty.

Subsequent to this decree, the portion so set off to complainants, subject to their mother's dower, was partitioned among them by a decree of the same court, by which the share of each of them was set off in severalty; and the dower of the widow was assigned and set off to her. In the last named suit, the widow (then Mrs. Yates), who had become the trustee of her son, Joseph, was complainant, and Theodore J. Campau (one of the administrators mentioned below), who had purchased the undivided share of one of her sons, was made a defendant, but only in his individual capacity.

The decrees in both cases required possession to be delivered to the parties, respectively, of the shares set off to each by the decree; but, though Theodore J. and Dennis J. (sons of Joseph, deceased,) were made parties defendant to the original bill, they were made such only in their individual capacity as heirs, and not as administrators.

Prior to, and at the time of, these partition suits, they were, and still continue to be, administrators on the estate of Joseph Campau (the common ancestor through whom all the heirs claimed), and, as such administrators, had, prior

to the presentation of the petitions mentioned below, taken possession of the real estate set off to the petitioners on partition, which they still claim to hold in that capacity; and having refused to give up the possession, the petitioners, Mrs. Yates (the widow), and Elizabeth Brown, and Alexander T. Campau, (heirs, to whom, as defendants in the original bill of partition, shares had been assigned), severally presented their petitions in the original partition cause to the circuit court in chancery, praying for an order requiring said Theodore J. and Dennis J. to deliver possession, and that a writ of possession be issued for that purpose.

To these petitions, Theodore J. Campau and Dennis J. Campau put in their answer, setting up,—among other things (not now relied upon or necessary to be noticed)— that they are the administrators on the estate of said Joseph Campau, deceased; that as such administrators, appointed and qualified years ago, they have a right to the possession of the real estate of the decedent, and that they took possession, and still hold it, in that capacity; that their accounts as administrators have not been settled, but are now contested in the probate court for the county of Wayne, and that said probate court has made no order for the delivery over by them of said estate. They insist that petitioners have no right to the possession of the real estate as now situated, and that the circuit court in chancery is not the proper tribunal for settling the question and making the order, and that this is not the proper form of relief.

The only question necessary to the decision of the case is, whether the administrators, at the time of the filing of the petitions (November, and December, 1871), had the right to possession of the real estate, as against the petitioners, two of whom are heirs and the others standing in the right

of an heir, to whom the land had been thus set off by partition in severalty.

By the law, as it stood prior to July 18, 1871 (when the act of March 29, 1871, took effect), the administrator had the right to the possession of the *real*, as well as the personal, estate, and to the rent and profits, until the estate should be settled, or until delivered over by order of the probate court to the heirs or devisees.—*Comp. L. (1857),* § *2904.*

It is not necessary to decide whether, under this statute, which was in force at the time of the decree in the original partition suit, the administrators would have been estopped by that decree from claiming the possession of the land set off to the parties in severalty, or whether they would be left to their right of applying for a license to sell, should it become necessary. Granting they would still have had the right of possession under that statute, still this right was not an estate or right of property, nor (as we held in this case in *19 Mich., 124*) did it constitute an interest in the administrators, which they could sell or dispose of as such. It was a mere statute power, given them only for the benefit of creditors, and properly to be exercised only as the exigencies of the estate might require. Created only by the statute, it owed its existence to that alone. It pertained only to the remedy for the benefit of creditors, and was not of the essence of, but merely auxiliary to, that. Without it the statute gave and still gives an adequate remedy in the power to sell any of the real estate of the deceased for the payment of debts by obtaining a license for that purpose from the probate court, a power the exercise of which creditors in a proper case have a right to compel, and which is in no way impaired by the partition nor by taking away from the administrators the right of possession with rents and profits, though in cases

of such sale a new partition might become necessary.   It was, therefore, entirely competent for the legislature to take away from the administrators the power of taking or holding the possession, rents and profits, by the repeal of those provisions of the statute upon which alone the power depended; and this, as well after as before they had taken the possession.   No vested right would be disturbed by such repeal.   This is precisely what was done by the amendment of the section by the act of March 29, 1871.—*Sess. L. 1871, p. 80.*   This act contains no saving clause, nor was any necessary; and when it took effect, July 18, 1871, the power in question was gone.

The right of possession, therefore, was not one of which the probate court had exclusive jurisdiction, or any jurisdiction at all.

The orders made by the circuit court in chancery were, therefore, proper and valid, and must be affirmed, with costs to the petitioners.   And as these proceedings were not instituted against respondents as administrators, but as individuals, and they have failed to show any facts from which we can infer that they took or held the possession in good faith, or for any legitimate purpose of administration, and we are not satisfied that they did so, the estate must not be burdened with the costs, but these must be awarded against them in their individual capacity.

The records must be remitted to the circuit court in chancery to enable that court to carry into effect the orders appealed from.

CAMPBELL and COOLEY, JJ., concurred.

GRAVES, J., did not sit in this case.

---

Afterwards the complainants moved for special damages under the statute, for vexation and delay, on the ground

that the appeal was frivolous.    It appeared also that similar appeals were pending in two other cases against the same defendants,—one upon the petition of Elizabeth Brown, and the other upon that of Alexander T. Campau.

*D. C. Holbrook*, for the motion.

*Theodore Romeyn*, contra.

THE COURT awarded fifty dollars damages in each of the three cases.