CATHERINE C. CAVEDO, APPELLANT, vs. LIBERTY BILLINGS ET AL., APPELLEES.

A suit in equity to recover the possession of lands under a legal title, and for mesne profits, cannot be maintained. All the issues of law and fact in regard to the title and the rents and profits may be tried in a court of law.

Appeal from the Circuit Court for Nassau county.

The appellant was complainant in the Circuit Court, Billings and James E. Meddaugh being defendants.

The other facts of the case are stated in the opinion of the court.

*John Friend* for Appellant.

*Liberty Billings* for Appellee.

THE CHIEF JUSTICE delivered the opinion of the court.

This suit was commenced in 1875 by complaint in the form of a bill in equity to recover certain lots in Fernandina occupied by defendants; to recover rents and profits; to set aside certain deeds and certificates of sale by U. S. tax commissioners, alleging that the tax sale was illegal and fraudulent, and alleging that Billings has been in possession and enjoying the rents and profits from February, 1866, under a deed from Cæsar Baker to him, Baker having the certificate of the U. S. tax sale, which certificate and sale are said to have been fraudulent and void.

The bill prays the appointment of a receiver, injunction, and delivery of possession of the premises to the complainant, and payment of rents and profits. Complainant states that in 1858, the premises were leased in writing for ninety-nine years by Soutter and McRae to John S. Cavedo and J. J. Acosta, complainant's son and nephew, who held the same in her behalf, she being the party in interest as lessee, the lease containing a covenant for title upon conditions; that she entered into possession under this lease, and built upon the premises, and occupied the same until 1862, when she left the town and remained away until the tax sale, and has not since been in possession.

The defendants demurred to the bill; that she does not show her right, title or interest in the premises; that the bill states a case showing that she is not entitled to relief in equity because of the statute of limitation, and upon the general ground of want of equity.

The court sustained the demurrer and complainant appealed.

If a bill is for the possession of land, or an *ejectment* bill, as it is called, it may be demurred to even though the bill

charges the defendants to have got the title deeds, and to have mixed the boundaries, and prays a discovery, possession and account; for the plaintiff, though he may be entitled to a discovery, has rendered his whole bill liable to demurrer. (1 Dan. Ch. Pl. and Prac., 3 Am. Ed., 575–6.) For although the plaintiff would be entitled to the discovery of the title deeds, yet he would not have any title to the relief, that relief, after the discovery, being properly to be given at law. The proper redress for the possession of land is at law. Story's Eq. Pl., §476 ; 3 Ves., 4 ; ib., 343 ; Cooper's Eq. Pl., 125 ; 2 Ves., 459.

The complainant, if entitled to the possession of the premises, may have her action at law for recovering it, and may have the rents and profits in the same action. The act of 1859, (ch. 999,) expressly secures this right; or he may have his action for the rents and profits after establishing his title in ejectment. (Adams on Eject., ch. 13 ; City of Apalachicola vs. Apalachicola Land Co., 11 Fla., 340.) The courts of chancery have uniformly refused to entertain suits for recovering the possesssion of real property under a legal title, on account of the want of jurisdiction. It is urged, however, that the court should entertain this suit, on the ground that the complainant has been deprived of her possession by fraud. The fraud charged consists in the unlawful conduct of the tax commissioners in the sale for taxes, and the unlawful seizure of the possession under that unlawful and "fraudulent" sale. There is not in this case any fraudulent act charged beyond the illegality of the proceedings of the tax commissioners. This is not such a charge of fraud as will give a court of equity jurisdiction. In ejectment, the illegal or fraudulent character of the sale or any deed, or muniment of title set up, may be shown, and as such fraud is a question of fact, it is entirely cognizable in a court of law.

The entire relief sought by the bill as to the possession

of the premises and the recovery of mesne profits, may be had in a court of law. It is unnecessary to examine the question of the effect of the statute of limitations, as that issue may be made, and the legal rights of all parties in that respect tried in ejectment, where the issues may be properly made upon the law and the facts.

The decree of the Circuit Court must be affirmed.