ment measured plaintiff's rights. Having failed to perform his covenants, he has no equitable right to the land, or to any part of the money for which it was sold. We think the decree of the Circuit Court dismissing the bill was correct, and, therefore, the decree is affirmed.

JOHN A. LORING, APPELLANT, vs. W. L. WITTICH, APPELLEE.

A Sheriff, who is a party defendant to a bill filed for the purpose of enjoining proceedings instituted to exempt personal property from levy and sale, and to subject such property to sale, and having no interest in the result, is not a necessary party to an appeal from a decree subjecting such property to levy and sale.

Appeal from the Circuit Court for Escambia county.

The appellee, Wittich, filed his bill alleging that he recovered a judgment against Loring, and had execution thereon in the hands of the sheriff, (Hutchinson); that the sheriff levied on the interest of Loring in a certain schooner; that Loring then made and delivered to the sheriff an affidavit in which he claims to be the head of a family and a resident and citizen of this State; and that an inventory contained therein was a true and perfect list of all his personal property, and claimed that the said property, including the schooner, was exempt, and should be exempted, from levy and sale, and released from levy under said execution. That the sheriff then appointed appraisers, who appraised the property at $480.12. Loring then demanded that the property be delivered to him as exempt from forced sale under the laws of this State.

The bill also alleges that the affidavit, a copy of which is annexed to the bill, " is insufficient to found a claim of exemption upon under the constitution and laws, and furnishes

no warrant to the sheriff for the appraisement, and will not justify him in releasing the vessel from said levy and delivering her to Loring."

The bill also charges as a matter of fact that Loring is not entitled to the exemption of the property, because he is not the head of a family, residing in this State, but that the said claim of exemption is false and fraudulent, and that the sheriff is about to deliver the said vessel into the possession of Loring, and that Loring is about to remove the same out of the State.

The bill then prays that the personal property mentioned in the said inventory be decreed to be subject to sale on the execution for the satisfaction of the judgment; that an injunction be granted restraining Loring "from further proceeding with the said claim of exemption and from receiving the said vessel from said Hutchinson," and restraining Hutchinson from further proceeding with the said claim of exemption or from delivering the vessel to Loring under said pretended claim.

The affidavit of Loring, annexed to the bill, states that Loring "is the head of a family and a resident and citizen of the State of Florida, and that the inventory following contains a true and perfect list of all his personal property, which he hereby points out and designates to the sheriff of said county, to-wit: [Then follows a list of the property, including an interest in the vessel.] All of which property he claims to be exempt from forced levy and sale under the constitution and laws of the State of Florida, and demands that when levied upon the same may be valued according to law." After the appraisal Loring demanded the release and return of the property, and at this stage the bill was filed.

Loring answered that he was entitled to the exemption of the property, and asserts that he is and has been a citizen of this State since the 18th day of May, 1876; that he at that time came to Pensacola, in said State, from the State of

Maine, bringing with him his family, with the intention of making said city his permanent home; that said city has been his home ever since about the day aforesaid, with the intention that it shall continue to be his home, and with no intention of changing his Florida home or citizenship by returning to the State of Maine or removing elsewhere. He further denies that on the delivery to him of the vessel he will remove the same from this State. A preliminary injunction was granted, and upon a hearing on bill and answer a final decree was made, a motion by defandant to dismiss the bill for want of jurisdiction having been previously denied.

The court decreed that the personal property mentioned in the inventory was subject to sale under the executions in the hands of Hutchinson, the sheriff, toward the satisfaction of the judgment, and that Loring and Hutchinson be enjoined from further proceeding with or under the claim of said Loring, to exempt said property from levy and sale under said execution, and that said Loring pay the costs.

A motion to amend the answer by inserting after the words "head of a family" the words "residing in the State of Florida," on the ground that they had been omitted by inadvertence and mistake, was made after the announcement by the judge of his judgment and the decree, but before it was signed and recorded, but the judge denied the motion on the ground that the court had previously suggested that he would permit the amendment; but counsel did not then make the motion, as he insisted that the residence of the family was not necessary to the right to exemption, and that it was substantially set forth in the answer. Loring appealed without summoning Hutchinson or severing. The record does not show that Hutchinson refused to join in the appeal.

Wittich now moves to dismiss the appeal on the ground that the suit and decree were against Loring and Hutchin-

son, and the appeal is by Loring only, and it does not appear that Hutchinson has refused to appeal, and has been summoned, and that there has been a severance.

*E. A. Perry, for the motion,* contended that all parties to a decree must join in prosecuting an appeal, or if any refuse he must be summoned and severed, and cited 15 Fla., 596 ; 11 Wheat., 414 ; 7 Peters, 399 ; Minor, 27 and 275 ; 1 Porter, 277 ; 1 Stewart & Porter, 253 ; 1 Ala., 126 ; 2 Ala., 192 ; 8 John., 558, 565 ; 51 Ind., 539 ; Powell on Appellate Proceedings, 272–3–4, §23.

*Geo. P. Raney, contra,* admitted the general rule that all parties united in interest in a decree, or who are aggrieved thereby, should join, or that there should be summons and severance, but contended that the sheriff was an immaterial, improper, and unnecessary party ; that he had no real interest in the matter, no joint interest with the appellant Loring, and was not a party aggrived; (13 Fla., 324 ; 13 Fla., 116 ; 1 Otto, 676,) and that not being a party in joint interest with Loring, nor a party aggrieved, he is not a proper party to the appeal, and Loring had the right to appeal alone. 41 Ind., 341 ; 23 Mich., 310 ; 7 Peters, 402.

*The court* denied the motion, the Chief-Justice stating orally the conclusion of the court, and citing 1 La. Ann., 204 ; 2d Id., 323 ; 5 Id., 668 ; 1 U. S. Dig., 1st series, 411. It was ordered accordingly.

16 498
39 242

JOHN A. LORING, APPELLANT, vs. W. L. WITTICH, APPELLEE.

1. The Constitution exempts a certain amount of personal property to "the head of a family residing in this State :" *Held,* That an averment that a party " is and has been a citizen of said State since May, 1876; that at that time he came to Pensacola in said State *from* Maine,