Me. Justice Westcott
delivered the opinion of the court.
This is an action of ejectment. The declaration is in the form prescribed by statute. To the declaration there was a demurrer. The demurrer was sustained. This action is brought by administrators, and the first question presented' by the record is, can an administrator maintain ejectment in this State? It must be admitted that at the common law, except as to lands held for a term of years by the intestate, the general rule was that he could not maintain ejectment; and such, we think, from a rather extended examination, is the rule in most of the States of the Union. It is admitted, however, that it is a matter over which the legislative department of the government has plenary power, and the question here is one of statutory construction.
Under our statute of descents, it is provided that “whenever any person having title to real estate of inheritance shall die intestate as to such estate, it shall descend in par-cenary to the male and female kindred.” This act was passed in 1829, and in 1833 another statute was passed which provided that “real estate shall be considered assets in the.hands’of executors or administrators, and after the personal assets are exhausted may be sold under an order or decree. * * * * * Provided, that no sale of real estate shall be made to any greater extent than shall be necessary to supply the deficiency of personal assets for the payment of the just and lawful debts of the deceased.” Under the same act it was pro.vided that “real estate in the hands of an executor or administrator may and shall be equally liable with personal property to an execution existing upon any judgment against such administrator or executor.”
Under the statute now in force in this State, chapter 1732, Laws, it is declared in general terms that “real estate shall be considered assets in the hands of an executor or administrator.”
The direct question whether an administrator can maintain ejectment in this State has never been decided, but this court in construing the statute of 1833 (1 Fla., 94,) has held that “an action of debt cannot be sustained in this State against the heir upon the bond of the ancestor, although the heir be expressly named.’” The reason given for this conclusion was that, at common law the land descended to the heir, and this action being allowed against the heir, no benefit could accrue to the obligee unless he had execution of the lands descended, and because in England lands were not assets in the hands of the administrator for the payment of debts, while in Florida the heir was not entitled as against a creditor even to the rents and profits since the death of the intestate, and lands were assets in the hands of the administrator subject to be sold, after exhaustion of personal assets, and liable with personal property to an execution upon judgment against the administrator. The rents and profits were held to be incident to the land, it being obvious in the view of the court that the law intended that the whole estate should be subject to the payment of debts, and that because lands were assets in the bauds of the administrator so long as there were any subject to the debts, the plea of pUne administravit could not be interposed. In the case referred to this court.said: “Lands *136 may be deemed assets sub modo or conditional assets as contended for, but still they come within the purview of the term assets, which -is defined property in the hands of the executor or administrator that is sufficient to malee him chargeable to a creditor, legatee or party ieu distribution, so farassuch property extends." The italics &re by the present court.
In ’a subsequent case, Union Bank vs. Heirs of Powell, 3 Fla., 175, this court held that upon the death of the ancestor the fee vests in the heir, but he takes it subject to the payment of debts. In the same case the court held that “lands being assets in this State in the hands of the administrator, it was necessary, in a proceeding by scire facias against the heirs and terre-tenants, to make the administrator a party, and that it was questionable whether it was necessary to make the1 heirs and terre-tenants parties to a proceeding by sci. fa. to subject the lands.
We have in this State a statute which provides that if the testator or intestate has entered into any written agreement or contract for the conveyance of real estate, the administrator is to execute such conveyance.
Under section 2, chapter 1473, Laws, passed in 1866, we have a legislative interpretation of the then existing statutes as to the right of possession of the lands of an intestate. It provides that administrators, when in their judgment it is necessary and proper to hire labor for the cultivation of the lands of the estates represented by them, are authorized, with the sanction of the Judge of Probate, to hire and employ Buch laborers and superintendents as shall be necessary for that purpose. Under section 1, chapter 3016, Laws, it is provided that the real estate belonging to an insolvent estate shall, after the suggestion of insolvency, remain in the hands of' the administrator until pro rata distribution of the assets is ordered.
Where the lands cannot be divided fairly among the heirs, the administrator is given the power to have a sale and distribution of the proceeds., Sec. 6, ch. 1732, Laws.
Upon his petition under certain circumstances lands belonging to solvent estates may be sold in lieu of personal property.
It is impossible to reconcile these decisions and statutes with the view that the heir is entitled to the possession of the real estate as against the administrator, during the settlement of the estate. It is true that the administrator has not the absolute property, nor can he be called a tenant for years or for life, with or without expectation of the fee. He has not the fee. He has, however, the right of entry, and the right to the possession and .management of the real estate, in the manner contemplated by law.
We think these statutes give to the administrator the right to take possession, of the real estate of the deceased, while th.e estate is in process of settlement, and that the right of the heir is subordinate to this possession» As a matter of course, the administrator has not an absolute property. He can institute proceedings as authorized, and under them the fee may be passed to .a purchaser. We do not think there can be any doubt that an administrator thus entitled to possession can maintain ejectment. (1 Kelly, 541; 1 Blackf., 117; 7 Mich., 350; 16 Wis., 193 ; 21 Ark., 62; 3 Eng., 48; 24 Ala., 129.)
The Supreme Court of Arkansas, in the case of Menifees, administrators vs. Menifee, et al., (3 Eng., 48,) says: “The statute enacts that land3 and tenements shall be assets in the hands of eveiy executor or administrator for the payment of the debts of the testator or intestate. Now, while it is perfectly manifest that the law of descent and distribution casts the inheritance upon the heir, subject to the payment of debts and the widow’s dower, it is equally clear that the executor or administrator is the legal representative of the whole estate of the deceased, not taken by the widow as dower and for the support of herself and family, for the special -purpose of collecting and preserving it and satisfying the personal obligations of his testator or intestate, all of which the law makes it his duty to perform, if the estate is sufficient therefor, and to distribute the residue if any. And it cannot be doubted, that the whole of the real estate, exclusive of dower, is charged with the debts of the intestate; and therefore, in the absence of other legal authority, we consider it clear, upon well established legal principles, that the principle would cany with it all incidental rights attached to it, of which character we deem the rents and profits; and although the law does not in express terms declare that the administrator shall have the possession of lands, yet if the lands are, as the statute explicitly declares they shall be, unconditionally and unqualifiedly assetB in his hands for the payment of debts, to make them entirely and completely answerable from the death of the intestate, the administrators must, of necessity, have their possession from the heir until debts are satisfied; otherwise, the creditors would lose .the intermediate rents and profits, which we cannot believe it was designed should go to the heir, while the estate out of which they spring is subject to the claims of creditors.”
The act of 1870, chapter 1732, enacts in general language without any proviso that “real estate shall be assets in the hands of an administrator.” The administrator, upon the strength of the intestate’s title, whose legal representative he is, has a right of entry and a right to present possession, if the estate* ’that the intestate had is of such character as to be attended by these incidents. It is not essential in an action of ejectment that the plaintiff should have an absolute fee. (Ala. Rep., 351; 3 Stewart and Porter, 197.)
His right to recover, and the basis of his action, is the title of his intestate. His estate interest and power, however, after such recovery, are limited by the incidents and duties which the law attaches to him, and with which his possession is attended, and a court of law or of equity, as may be appropriate, will, in proper cases, exercise their jurisdiction in order to the due preservation of every interest which an administrator in possession should respect and protect.
Being entitled to the possession and to the control, he is entitled through this remedy to enforce such right.
The cases in 2 and 3 Fla. holding the administrator entitled to the rents and profits after the death of the intestate, virtually settled this question. The Supreme Court of Alabama, in the case of Golding vs. Golding’s Admr, 24 Ala., 129, uses this language: “Being thus entitled to all the rents of the premises, the administrator must of necessity be entitled to all * the needful remedies to enforce his rights; for when the Legislature conferred the right to the rents accruing on the real estate of the intestate on him, it gave him, by implication, eveiy other right or power necessary to render this right effectual. Among these are included the right to the possession of the lands, and the right of action to recover that possession if unlawfully withheld from him.” Our statutes do not restrict the right of the administrator to a sale for the purpose of paying debts. Lands are first declared assets in the hands of an administrator, and he is given every necessary power in connection with the real estate looking to possession and management. If there is a power of sale vested in an ex- • ecutor under a willj and he fails to execute the power, an administrator cwm testamento aimexo has the right to have a sale. If the court deems a sale of the real estate preferable to a sale of the personal property, the right and power to institute the proceeding is in the administrator; and when the lands cannot be equitably divided amongst the heirs, a sale may be had and the funds distributed upon *137 proceedings instituted by the administrator; and finally, when the administrator, in his judgment, thinks it is necessary and proper to hire labor for the cultivation of the lands of the estate represented by him, he is authorized, with the sanction of the Judge of the County Court, so to do. ’The Legislature certainly contemplated in all this something more in an administrator than a simple statutory power to sell'land after exhaustion of personal' assets.
He has the right to the possession for defined purposes. As was remarked by the Supreme Court of Michigan, in the case of Campan vs. Campan and others, 25 Mich., 127: “The right of an administrator under the statute to the possession of the real estate of his intestate, and the rents and profits thereof pending the settlement of the estate, is not an estate or right of property, nor is it an interest which the administrator can dispose of as such.”
In this view the order of the court made in this case .denying a motion to make the heir a party to the suit was correct, independent of any question of amendment under the statute. The administrator has the right to the present possession and control, and the heir is not a necessary party plaintiff here.
Something is said in the briefs as to the form of the declaration and the necessity for other averments than those required by statute. The form prescribed by the statute is sufficient in all actions of ejectment, and upon the filing of the plea of not guilty and issue thereon, the case is ready for trial. No special pleas are admissible, unless it be a plea to the jurisdiction, a plea puis darrein, con~ timumce, or something of that character!
The judgment is reversed and the case remanded for further proceedings.