THOMAS L. WHITLOCK, APPELLANT, VS. THEODORE H. WILLARD, SHERIFF AND EX-OFFICIO ADMINISTRATOR OF BENJAMIN F. WHITLOCK ET ALS., APPELLEES.

1. The general rule in cases of this character (appeals in chancery) is to enter the appeal in the name of all the parties against whom the decree is rendered, and one party may take the appeal in the name of all his co-defendants without first obtaining their consent. If the other parties do not unite in the appeal, or in prosecuting the appeal, those prosecuting may have a summons and severance as to those who will not unite. And when there are more defendants than one all of their names must be in the appeal, unless it be a case where one may appeal, or it will be dismissed. A citation giving notice of the appeal to the co-defendants, requiring them to join in the appeal, returnable to the term to which the appeal is returnable, issued and served as the citation to the respondent is required to be issued and served, will be equivalent to a summons issuing from this court after the appeal is docketed here, and such orders as to severance will be made here as the nature of the case may require.

2. Where the appeal is irregular for the want of proper parties, they may be made parties here by amendment, and citation may be awarded. In this case, no objection being taken to the irregularity by the respondent, the court in its discretion allows the amendment.

3. While an administrator may, under the statutes of this State, maintain an action of ejectment upon the title of the intestate to recover

possession, yet not being an owner, joint tenant, tenant in common or coparcener, within the meaning of the statute giving such persons a right to partition, he cannot have partition.

Appeal from the Circuit Court for Leon county, to which the case was transferred from Madison county.

The intestates mentioned in the bill, and of whose estates T. H. Willard is administrator, are Lewis D. Whitlock and Benjamin F. Whitlock. The appeal was brought to the January Term, 1880, and the opinion as to dismissing it was filed at that term. There was no motion to dismiss.

The other facts bearing on the question of dismissal are stated in the opinion.

*Pasco & Palmer* and *J. N. Stripling* for Appellant.

*Angus Paterson* for Willard, Administrator.

*John B. Marshall* for W. W. Whitlock *et als.*

MR. JUSTICE WESTCOTT delivered the opinion of the court.

This is an appeal from a decree rendered by the Circuit Court of the Second Judicial Circuit for Leon county on the 24th day of September, A. D. 1879.

The bill was by Willard as the legal representative of the intestates mentioned. He alleged that under the will of Joseph Wardlaw, deceased, his intestates were entitled to a portion of a tract of land in Madison county.

The bill was brought against several parties, among others against Thomas L. Whitlock, the appellant, who claimed an interest as heir-at-law of some of the devisees under the will, who had died, and as a party who had been in possession of the estate, appropriating the rents and profits thereof, and who claimed a homestead in a part of the estate.

The decree from which this appeal is taken settles the

interest of all the parties in the land. In addition to the defendant, the other parties against whom the decree was rendered, and who claimed an interest in the land, were William W. Whitlock, L. A. Minor Thomas, William S. Vandiver, Hattie Vandiver, James Jones, Lucia Jones, Oscar D. Jones, John H. Jones, Anna Jones, Thomas S. Crayton and Thomas S. Crayton, Jr.

The primary object of the bill was for a partition, and the decree awarded a partition in accordance with the views of the chancellor as to the interests of the various parties having rights under the will.

The questions discussed upon the hearing here were very interesting, but after a careful examination of these questions, and when ready to dispose of the case upon the merits, we are met by a difficulty which is insuperable. Of the defendants, all of whom claim an interest in the land devised, one only takes an appeal. It is impossible to make a decree here affecting the interest of this appellant without affecting the interest of the other parties named defendants in the decree from which the appeal is taken, and it is absolutely essential that they, or at least some of them, should be before this court. As a matter of course the other parties cannot prevent this appellant from having here an adjudication of his rights, but as they cannot be determined without affecting the rights of others, they should be before the court. If he alone wishes to prosecute the appeal he must do it with proper notice to them and severance. 20 Wall., 158 ; 12 How., 327 ; 16 How., 142 ; 12 Pet., 140 ; 14 Wall., 402 ; 8 Pet. 526 ; 13 Fla., 596 ; 16 Fla., 498 ; 8 John., 558 ; 23 Wend., 621 ; 14 Ohio State, 287.

The appeal is dismissed.

At the same term, on April 8th, and after an order had been entered dismissing the appeal, the appellant entered a motion and filed the following petition to set aside the or-

der of dismissal and to reinstate the case, and for leave to amend:

The petition of T. L. Whitlock by his counsel and solicitors, Pasco & Palmer and J. N. Stripling, respectfully sets forth the following matters in connection with the above-stated cause, with his prayer for relief:

That the record of the cause shows that Theodore H. Willard, as *ex-officio* administrator of Lewis D. Whitlock and Benjamin F. Whitlock, was the complainant in the court below, and that he was there represented by Angus Paterson, Esq.—this will appear by the bill and subsequent proceedings.

That Thomas L. Whitlock, William W. Whitlock, Amanda Thomas and her husband, L. A. M. Thomas, John H. Jones and others were defendants, having separate interests of different values, and some of them adverse to all the others; that Amanda Thomas and her husband were represented by J. B. Marshall and F. P. Paterson, Esquires, and John H. Jones and all the other infants and the husbands of the married infants were represented by C. W. Stevens, Esq., a solicitor of this court who was duly appointed guardian *ad litem* of the infant defendants; that Thomas L. Whitlock and William W. Whitlock were represented by Messrs. Pasco & Palmer, all of which will appear by the answers of the said parties, the order appointing the guardian *ad litem*, and other papers on file and upon the records of the cause.

That so far as the said Thomas L. Whitlock was affected by the decree fixing the interests of the several parties in the lands sought to be partitioned, he, as heir of the children of his late wife and himself, who died before their mother was found to have no interest in the said lands, and he was by the very circumstances of the case severed from his connection with the cause in that relation as heir of such child-

ren; that up to that time he and his son William were represented by the said counsel, although they filed separate answers, the son not contesting the father's claims and accepting the opinion of the said counsel as to the extent of his interest in the said lands. As soon as it was found that the court gave to the said William W. Whitlock a larger interest in the said lands than had been claimed for him by his counsel their interests were entirely severed, and the former counsel for both parties thereafter represented only the father, and Messrs. Marshall and F. P. Paterson thenceforward represented William W. Whitlock as well as the interests of Mr. and Mrs. Thomas, and he has so here acted, as the files and record of the court show.

That the other defendants refusing to appeal from the interlocutory order fixing the interests of the parties in the land, and excluding the said Thomas L. Whitlock from participation in the partition thereof as heir of his children, who died before their mother, the said Thomas L. Whitlock entered his appeal therein in writing on the 30th day of December last, having previously so done at the hearing, which appeal appears upon the record in this court.

That on the 12th day of January he gave all the said parties due notice of this appeal in writing, which notice all of the said parties accepted in lieu of a formal citation and summons, and waived the service of a writ, as will appear by the written acceptance of such notice upon said notice in the record, duly signed by the several counsel for the respective parties and by the guardian *ad litem* for the said infants.

That Angus Paterson, Esq., and J. B. Marshall, Esq., have appeared here according to the terms of said notice, argued the cause and filed their briefs herein, and the said guardian *ad litem* has had the opportunity so to do. The

said Marshall has not only, on behalf of his clients, refused to join in the appeal, but has resisted the same in his argument.

And the petitioner suggests that if a summons and severance is or was necessary in this cause, that there has been action therein equivalent thereto, and if a formal severance is necessary that the same can be entered of record and the cause still be heard and determined upon its merits ; that a dismissal of the appeal will be attended with great cost and expense, which he is ill able to bear, having already been put to much expense and a lengthy and burdensome litigation about the said lands, and he prays that the cause be reinstated as it stands upon the record, or upon such terms or with such amendments as the court may direct ; and that this petition may be held and regarded as an amendment and addition to his petition of appeal so far as it brings to the attention of the court such matters as should have been stated therein.

On the same day the court made an order reinstating the case on the docket, and Mr. Justice WESTCOTT at the same term, on the fourth day of May, delivered the following opinion on the petition :

This is a petition and motion to set aside the order dismissing the appeal to reinstate the case, and for leave to amend by adding proper parties in conformity to the record of the Circuit Court.

The practice in such cases as this in most of the States is to take out the appeal in the name of all the parties against whom the decree is rendered, and one party may take the appeal in the name of all his co-defendants without first obtaining their consent. If the other parties do not unite in the appeal, or in prosecuting the appeal, those prosecuting may have a summons and severance as to those who will

not unite; and where there are more defendants than one, all of their names must be in the appeal or it will be dismissed. This is the general rule. A citation giving notice of the appeal to the co-defendants, requiring them to join in the appeal returnable to the term to which the appeal is returnable, issued and served as the citation to the respondent is required to be issued and served, (Equity Rule, 95,) will be equivalent to a summons issuing from this court after the appeal is docketed here, and such orders as to severance will be made here as the nature of the case may require.

In this State this question in reference to an appeal in a chancery cause has never been directly decided, although in the case of Loring vs. Wittick, 16 Fla., 495, it was intimated that the general rule above stated would control. The other cases in this court were writs of error.

The principal ground upon which the appeal in this case was directed to be dismissed was because the appeal was not taken in the name of all the parties defendant against whom the judgment was rendered. The apppeal as entered is from an interlocutory order and other proceedings in the case of " T. H. Willard, sheriff, and *ex-officio* administrator, &c., vs. T. L. Whitlock, W. W. Whitlock, Thomas and wife, *et al.*" The case as stated in the petition of appeal is " Thomas L. Whitlock vs. T. H. Willard, as sheriff and *ex-officio* administrator of B. F. Whitlock, *et al.*"

In the case of Deneale vs. Stirps' Extrs., 8 Pet., 526, the writ of error was in the name of " Mary Deneale and others " as plaintiffs. Chief-Justice Marshall for the court, in dismissing the appeal for irregularity, said: " Who the others are cannot be known to the court, for their names are not given in the writ of error as they ought to be. Mary Deneale cannot alone maintain a writ of error on this judgment; but all the parties must be joined and their

names set forth in order that the court may proceed to give a proper judgment on the case." 4 Ga., 403 ; 4 Minn., 23 ; 50 Ala., 404.

There are some cases in which one party alone may appeal or prosecute a writ of error, but this is not such a case. One of the appellant's co-defendants, William W. Whitlock, has not only failed to unite with him in this appeal, but by the admission of the appellant this co-defendant is interested in maintaining this decree which the appellant is seeking to reverse. In such a case the appellant cannot seek to reverse the decree here in any matter which will injuriously affect his co-defendant's interests, unless his co-defendant is a party. 93 U. S., 38. It may be said that this party has appeared by his counsel, and has been heard in support of the decree. While this is true it is also the fact that nowhere in the proceedings in this court does he appear as a party to this appeal, and we do not propose to be so irregular in our proceedings as to enter a judgment against a party by reference to the brief of his counsel, the only thing here which shows his appearance for William W. Whitlock. He must appear by the record of this court to be a party here.

In like manner the other defendants should be parties here. One of the principal reasons given for the rule is to prevent a multiplicity of suits in the shape of repeated appeals by the several defendants.

Here also Thomas L. Whitlock, the appellant, claims as against all of the parties to this suit an exclusive right to a part of the land in the matter of the partition. He claims a homestead. This decree denies all right of some of his co-defendants, as well as all right of the appellant to a share in this land, and their claims are of like character, although they may be different in degree. If he and they have any interest in the land, the court has determined

against that general interest. There is no difference in principle between the nature of this decree and a decree directing several defendants to convey their interest in land to a complainant, and in such case the appeal should be in the name of all. 7 Pet., 339.

Nor is there in principle any difference between this appeal and an appeal by a person in a case where his co-plaintiffs were in a like condition with himself, such as a general creditor's bill, and in such case the other creditors are necessary parties. 93 U. S., 38.

After careful examination of the question, however, we think that the petition of appeal may be amended to conform to the record of the Circuit Court, and that upon citation to the co-defendants thus named, parties here, the case may proceed.

Summons and severance, as applicable to an appeal in chancery, was a thing unknown to English chancery practice.

Chief-Justice Marshall, in Owings vs. Kincannon, 7 Pet., 399, which we believe was the first case of an appeal of this character in the Supreme Court of the United States, said: "The language of the act which gives the appeal (1 Stat's. at Large, 73,) appears to us to require that it should be prosecuted by the same parties who must have been necessary in a writ of error. We think also that the same principle would be applicable from the general usage of chancery to make one final decree binding on all the parties united in interest." He also said in this case: "We have, however, found no precedent, in chancery proceedings, for our government in this case."

We see no necessity for discussing the question of amendment at length.

The following authorities show that the amendment may

be made and the citation awarded in this case: 29 N. J. Eq., 375 ; 42 Ala., 404 ; 10 Ga., 2 ; 13 Ohio State, 569.

It is by analogy to the rules controlling in writs of error that these rules as to appeals in chancery are adopted, and by the same analogy we should adopt the rules as to amendments. The rule controlling the amendment of writs of error in this State is stated in Loring vs. Wittich, 16 Fla., 326. In this case the objection was taken by the court and not by the respondent.

.Amendment. allowed and citation returnable to next term awarded.

On May 4th, on the motion to amend by inserting as, parties plaintiff to the appeal the names of the appellant's co-defendants in the Circuit Court, and to make the parties in the Supreme Court conform to the parties in the Circuit Court, it was ordered that the motion be granted, and that the names of the parties be made to so conform, and that a citation, returnable to January Term, A. D. 1881, be awarded as to the defendants resident in this State, and that thirty days' notice by publication be given to non-resident defendants. It was also, on suggestion by the appellant of the death of Frances A. Thomas and of the names of her legal representatives and successors in interest, ordered that unless they should become parties within three days of the January Term, A. D. 1881, of this court, the appellant should be entitled to have the record opened and the decree reversed if erroneous.

At the January Term, 1881, the case was submitted.

The fact are stated in the opinion.

*Pasco & Palmer* and *J. N. Stripling*, for appellants, cited in support of the view that an administrator cannot maintain a suit for partition Freeman on Cotenancy, §§454–471; Thomp. Dig., 382 ; Nason vs. Williard, 2 Mass., 478 ; Speer vs. Speer, 14 N. J. Eq., 240 ; Barbour on Parties, 273, et seq.

*Angus Paterson*, for Willard, the administrator, contending that an administrator could maintain such a suit, cited Thomp. Dig., 202; Blewitt, Adm'r, vs. Nicholson, Ex'r, 1 Fla., 384, and 2 Fla., 200; Gilchrist vs. Filyau and wife, 2 Fla., 94; Union Bank vs. Heirs of Powell, 3 Fla., 175; Scott vs. Lloyd *et ux.*, 16 Fla., 151.

*J. B. Marshall* for W. W. Whitlock and the heirs of L. A. M. Thomas.

*C. W. Stevens*, guardian *ad litem* of John Henry Jones *et als.*, minors, in *pro. per.*

*R. B. Whitfield*, guardian *ad litem* of Hattie C. Thomas *et als.*, in *pro. per.*

Mr. Justice Westcott delivered the opinion of the court.

The first question involed in this case is whether an administrator, under our statute, has an equitable right to a partition.

In the case of Sanchez' administrators vs. Hart, (17 Fla., 507,) decided at the last term, we held that an administrator could maintain in this State ejectment upon the title of his intestate.

This right, as we there in substance stated, followed necessarily from the duties imposed upon him, and from the express language of the statutes defining his powers and rights, as well as by the decisions of the courts of these States where a similar statutory policy prevailed.

While it was admitted that such was not the general rule at common law, we could not see how any other reasonable conclusion could be reached here.

In the matter of partition in equity, however, we cannot see where, either before or since the statute of this State controlling this subject, an administrator can be held to

have such right, and we have been unable, in our examination, to find a single case which sustains such a proposition. On the contrary, the law as announced, so far as we know, without exception, under every statutory policy, is that he cannot. 2 Mass., 478 ; 41 N. H., 501 ; Freeman on Cotenancy and Partition, §§454–471.

This, too, must be true upon general principles. The extent of the power of the administrator, so far as concerns the *disposition of the estate or interest* of his intestate as distinct from his right of possession for its settlement, is a power of sale to be exercised in a particular manner, after prescribed judicial proceedings, and the rule is that a power of sale, independent of and not after judicial proceedings, does not include a power or right of partition. 11 Ves. Jr., 467. If this is true of a power of sale, to the exercise of which no judicial proceeding is necessary, how much stronger is the case as against the right to partition when the power is a statutory power like that of an administrator where exhaustion of personal assets or other jurisdictional facts must exist before the judicial power can be operative to authorize the administrator to sell.

Under our statute, all persons interested in the lands are to be defendants, but the right to institute the suit is in a joint tenant, tenant in common or coparcener, and a careful examination will show, beyond doubt, that it is contemplated that the " owner," or one of the " owners," shall commence the action.

·The administrator has no absolute estate in himself in the real estate as assets—all that he does, indeed, is *en autre droit*. As was remarked by the Supreme Court of Michigan in Campau vs. Campau and others, 25 Mich., 127, " the right of an administrator under the statute to the possession of the real estate of his intestate, and the rents and profits thereof, pending the settlement of the estate, is not

an estate or right of property, nor is it an interest which the administrator can dispose of as such." He is entitled to possession, but that possession does not divest the heir of the fee, who holds subject to this right of possession for temporary purposes, and subject to these defined statutory powers of sale. Notwithstanding the administrator's right of temporary possession, the heirs have a right to a standing in a court of law or equity commensurate with their interest and estate in the land, and that is in quantity all of his ancestor's estate except as limited by the right of temporary possession of the administrator, and the rights of creditors and dower of the widow. In the language of the Supreme Court of Alabama, the statutes " intercept the right of the heir to enter upon and enjoy the estate of his ancestor in favor of the personal representative of the deceased until the estate is settled."

We do not mean to say that the heir takes *en autre droit*. He does not. When the ancestor dies seized and the heir enters he becomes seized in his own demesne, and does not hold in the right of another. The descent is cast upon him through the exercise by the legislative department of the government of its plenary power over the subject of descents. The descent is never cast upon an administrator, and the reason why, upon a sale by an admistrator a fee may be vested in a purchaser, if that be the estate of the intestate, is because the law makes that the result of the exercise of the statutory power of sale by the administrator, and not because the administrator has the fee or the estate which passes upon the exercise of the power.

We cannot think otherwise than that the administrator is not embraced within the language of the statute controlling partition. He is not either a joint tenant, a tenant in common or coparcener, nor do his rights and powers as to the real estate involve the right of partition. He did

not have such right at common law. Proceedings in partition are followed under the statute by a decree vesting in the several parties the title of the several portions or parcels of land allotted to them respectively. The right of the administrator is limited to a temporary possession for special purposes. . The court cannot by decree properly vest in him any other estate than a simple possession, such as the law recognizes as his right, and while such qualified right to possession may enable him to sue in ejectment to recover possession, he does not have such an estate in the land as the statute contemplates and requires as the basis for a suit in partition.

The very interesting questions which arise in the construction of the will, which is the basis of this suit, have been twice the subject of our careful examination, but as the plaintiff neither has nor can have any right, legal or equitable, to a partition, and the proceeding must necessarily *absolutely* fail, we think any discussion of these questions improper.

The decree is reversed, and the case will be remanded with directions to dismiss the bill.