S. P. BEVILL ET AL., APPELLANTS, VS J. R. SMITH, AP-
PELLEE.

1. An administrator who has obtained an order from the County Court
for the sale of land to pay debts of his intestate is a necessary
party defendant to a bill in equity, filed by a person claiming the
land under a tax deed, to enjoin a sale thereof by the Commis-
sioner appointed by the County Court to make the sale.

2. An averment of possession to the complainant is essential to a bill
brought by one claiming the legal title to land to enjoin a judi-
cial sale upon the ground that the sale will cast a cloud upon his
title.   In the absence of an averment showing complainant to be
in possession, the bill is demurrable for want of equity.

Appeal from the Circuit Court for Alachua county.

The facts of the case are stated in the opinion of the
court.

*E. C. F. Sanchez* for Appellants.

### STATEMENT OF CASE.

Under and by virtue of an order issued out of the Pro-
bate Court of Alachua county, on the 24th day of August,
1885, S. P. Bevill, as the commissioner named in said
order advertised to sell on the 5th day of October, 1885,
certain land therein described as belonging to the estate of
John Vance, deceased.

On the 3d day of October, 1885, James R. Smith filed
his bill in chancery in the Circuit Court of Alachua coun-
ty against the said S. P. Bevill as commissioner aforesaid,
and prayed that a writ of injunction be granted restrain-
ing and enjoining said commissioner from selling said land;
which order was granted by said Circuit Court.

On the 28th day of December, 1886, the defendant S. P.
Bevill, moved the Court to dissolve said injunction and

dismiss the bill of complaint; which motion was denied. But the Court granted an order setting aside the decree *pro confesso*, which had been entered against the said defendant, and allowed time in which the administrator and creditors of the estate of the said John Vance, deceased, could be made parties defendant in said suit.

In accordance with said order, Denison Mason, as administrator of said estate, by petition, was, on the 15th day of January, 1887, made party defendant; and on the same day filed his demurrer to said bill of complaint, which demurrer was overruled on the 4th day of February, 1887, from which ruling the said defendants on the 24th day of February, 1887, entered their appeal.

BRIEF.

First error assigned :

That the Court erred in refusing to grant the motion to dissolve the injunction and dismiss the bill.

This bill was brought by the complainant against S. P. Bevill as a commissioner, appointed by the Probate Court of Alachua county, to sell certain land belonging to the estate of one John Vance, deceased. He has no other interest in the sale than that of commissioner, an officer of the Court, and he as such commissioner is the only party against whom the bill is brought.

Where an injunction is allowed against a sale of lands under judicial process it is not proper or necessary to join as defendants in the bill, merely ministerial officers of the court. 2d High on Injunction, sec. 1551, and authorities there cited ; 16th Florida, 495, and authorities cited ; Fellows vs. Fellows, 4th Johns, ch. 25 ; Alston vs. Rowels, 13th Fla., 110-116 ; Scarlett vs. Hilks, 13th Fla., 314-324.

If the defendant, S. P. Bevill, as commissioner aforesaid, was not a proper or necessary party defendant, and being the only defendant, the suit should abate.

The court below should have dissolved the injunction and dismissed the bill for the further reason that no injunction bond was given by the complainant as required by statute, and the complainant does not make such a showing as would justify the issuing of the injunction without the required bond. McClellan's Digest, Sec. 18, 19, pages 157 and 158 ; 16th Florida, 773.

I submit that the injunction should have been dissolved and the bill dismissed.

Second error assigned :

The Court erred in overruling the demurrer of the defendant, Denison Mason, as administrator of the estate of John Vance, deceased.

The complainant did not, in and by his said bill, make out such a case as entitled him to the relief prayed for, or any relief whatever in a court of equity.

The complainant did not allege in his bill that he was, or ever had been, in the possession of the land in question, and the fact is that this land was, at the time of the filing of this bill, and is even now in the possession of the administrator of the said John Vance.

The complainant has a full and adequate remedy at law in an action of ejectment in which the question of title can be determined.

It is not the province of a court of equity to hear and determine a question of title and to decree which party has the right of possession. 16th Fla., 261, and authorities cited ; 1st High on Injunction, sections 253, 377, 355 ; Munson vs. Munson, (28 Connecticut, 582,) 73 American Dec., 693 ; 3d Daniell's Ch. Pleading and Practice, section 1961, note 1.

The complainant does not allege in his bill that the estate of the said John Vance ever had any right, title or interest in the land in question ; and if said estate never had

any  interest in said land, then  the  purchaser  at  the  said
Commissioner's sale could not acquire any title by his pur-
chase.

When the alleged hostile title is void or insufficient to
make a *prima facie* case in an action of ejectment a court of
equity will  not  interfere.    21st  Fla., 584, and authorities
cited ; 19th Fla., 500, and authorities cited; Ibid, 542, and
authorities cited;   15th  Fla.,  671, and authorities cited;
67th Am. Dec., 106, and authorities cited ; Scott vs. On-
derdoux, (14th New York, 9.)

Under chapter 3432 of acts of 1883, the complainant
might be entitled to an injunction to restrain said sale if he
had been in possession of the land in question.   But he no-
where alleges in his bill that he is in possession.   He merely
claims title under a certain tax deed, which he attaches but
does not  allege  any possession under or by virtue of said
tax deed.

I  respectfully  submit that the court should have sus-
tained the demurrer, and dismissed the said bill of com-
plaint.

No brief for appellee.

RANEY, C. J.:   This is a suit in  equity instituted by ap-
pellee to enjoin the sale of a quarter section of land  by
Bevill as a Commissioner  acting  under  an  order of the
County Court of Alachua county for the sale of the land
for payment of the  debts  of one  John  Vance, deceased.
The ground of this application for equitable relief is that
the sale, if made, will cast a cloud  upon  appellee's title to
the land.

The only defendant to the suit at the time the injunction
was granted, was Bevill, in his capacity as Commissioner,
and there was consequently an entire absence of necessary

parties. In such a case the administrator or other representative of the estate is a necessary party, if not the only proper one. Merritt vs. Daffin *et al.*, 24 Fla., 320, and cases cited; Alston vs. Rowles, 13 Fla., 110, 116; Scarlett vs. Hicks Id., 314; Loring vs. Wittick, 16 Fla., 495; Robinson *et al.* vs. Springfield Co., 21 Fla., 203, 234; High on Injunctions, section 1551.

Mason, the administrator of Vance, having been subsequently made a party defendant, he demerred to the bill. There is clearly no equity in the bill. It alleges that the appellee is the lawful owner of the land under a good and valid title executed to him by the proper officer, the Clerk of the Circuit Court of Alachua county, and bearing date July 7, 1884, and duly recorded in the records of said county on the 9th day of the same month. The land was sold for taxes of the year 1882, on the 4th day of June, 1883.

The bill does not state that appellee was in possession of the land either in person or by tenant at the time the bill was filed or anything as to possession; *non constat* but that the administrator was in possession. If the appellee has a good tax title his title is of course legal, as distinguished from equitable, and possession is an essential to equitable jurisdiction to prevent a cloud upon title where the complainant's title is legal, for if he is not in possession he has a full and adequate remedy at law. Cavedo vs. Billings, 16 Fla., 261; Sloan vs. Sloan, 25 Fla.—;S. C. 5 So. Rept. 606; 2 Story's Equity Juris., section 700, note A; 3 Pom. Eq., section 1399 and note 4. In the absence from the bill of an allegation of possession in the complainant, it is demurrable. There is nothing in "the act in relation to injunctions" Chapter 343 2, approved February 12, 1883, or in the Revenue Law under which the tax sale was made, that

modifies the doctrine of this paragraph in case of a suit instituted by the person claiming under a tax title.

It is not necessary to notice other errors.

The order overruling the demurrer is erroneous, and the cause will be remanded with directions to vacate the same and the order granting the injuncting.   It is so ordered.