THE CONTINENTAL NATIONAL BUILDING AND LOAN ASSOCIATION *et al.*, APPELLANTS, VS. D. A. MILLER *et al.*, APPELLEES.

Appellate Practice—Entry of Appeal—Amending Entry of Appeal in Appellate Court.

1. All parties, both appellants and appellees, to an appeal should be individually named, either in the caption to, or in the body of, the entry of appeal. Those who are attempted to be included therein by the use of the abbreviation "et al." can not be considered as parties to the appeal.

2. Where all of the proper parties *appellant* are correctly named in an entry of appeal, but proper parties *appellee* have been omitted therefrom, but such omitted parties *appellee* have appeared in the cause in the appellate court and submitted the same upon its merits by briefs, without objection to their omission from the entry of appeal, the appellate court will permit the entry of appeal, where no objection is urged, to be amended so as properly to include such omitted appellees.

Appeal from the Circuit Court for Alachua county.

Motion to dismiss appeal.

The facts in the case are stated in the opinion of the court.

*Anderson & Hocker*, for Motion.

*Horatio Davis* and *James B. Whitfield*, Contra.

TAYLOR, C. J.:

The appellees move to dismiss the appeal in this cause upon the following grounds: 1. That it appears by the record in said cause that necessary parties appellee in said appeal have not been included and embraced in such appeal, and that said cause can not and should not be determined in the absence of such parties. 2. The record shows that a large number of parties interested in said decree as complainants below, and who became such long prior to the entry of said appeal, have been purposely and wilfully omitted by appellants in said appeal proceedings.

The briefs of counsel for the movers contend that the record shows that subsequently to the rendition of the interlocutory decree appealed from, but prior to the entry of the appeal therefrom, numerous persons have been made parties complainant to the bill, and they urge that these subsequently made parties should have been included and made parties appellee to the appeal. The record filed here upon the appeal shows no such addition of new parties complainant. Upon the ground contended for the motion is without merit and is therefore denied.

Upon the consideration of this motion, however, the court finds another defect in the entry of the appeal, which is as follows:

D. A. Miller et al. vs. Continental National Building and Loan Association et al.

The complainants in the above entitled cause will take notice that we do hereby, in vacation, by our solicitor, enter our appeal to the Supreme Court of the State of Florida to be held in Tallahassee in said State on the second Tuesday in January, A. D. 1898, to that part and so much of the interlocutory decree entered in

said cause on the 31st day of July, A. D. 1897, in vacation, by the Hon. Judge of said Circuit Court of Alachua county, which sustains certain of the exceptions to Master's report, and, further adjudging and decreeing the transfer of the assets of the Florida National Building and Loan Association to be void and of no effect as to certain parties, and further appointing a receiver in said cause.          Respectfully,

> The Continental National Building and Loan Association, The Florida National Building and Loan Association, The Fernandina Building and Loan Association, The First National Bank of Gainesville, C. M. Ackerman, G. W. Hyde and Jas. M. Graham, by Horatio Davis, their Solicitor.

The following named persons were parties complainant to the bill and to the decree appealed from, *viz*: D. A. Miller, F. P. Gaffney, H. C. Groves, Alexander McIntyre, Drucilla Agnew and Sarah M. Agnew, yet none of them are named in the entry of appeal, except by the abbreviation *"et al.,"* with the exception of D. A. Miller. This, according to the ruling of this court in State *ex rel.* Andreu v. Canfield., *et al.*,40 Fla. 36, 23 Sou Rep. 591, and in Whitlock v. Willard, 18 Fla. 156, makes D. A. Miller alone a party appellee to the appeal thus entered. All parties, both appellants and appellees, to an appeal should be named either in the caption to, or in the body of, the entry of appeal. Those who are attempted to be included therein by the use of the abbreviation *"et al.,"* can not be considered as parties to the appeal. But inasmuch as no attack is made upon the entry of the appeal on this ground, and as all of the proper parties appellee have appeared here and submitted the cause by brief upon the merits, the appellants are hereby permitted, within fifteen days from the filing of this opinion, to amend their entry of appeal by filing

such amendment in this court.　Whitlock v. Willard,
*supra*.