HARLEY SCOTT AND EVA SCOTT, BY THEIR NEXT FRIEND, PLAINTIFFS IN ERROR, vs. WALTER F. LLOYD ET UX., DEFENDANTS IN ERROR.

Heirs at law are not proper plaintiffs in an action for unlawful detainer, where defendant is in possession under a lease made by the ancestor in her life-time.   The right of possession and consequently the right of action passes to the Administrator or Executor as an incident of the asset.

Writ of error to the Circuit Court for Leon county.

The facts of the case are stated in the opinion of the court.

*R. B. Whitfield* for Plaintiffs in Error.

*T. L. Clark* for Defendants in Error.

MR. JUSTICE VAN VALKENBURGH delivered the opinion of the court.

This was an action for unlawful detainer brought by the plaintiffs in error as plaintiffs against the defendants in error in the Circuit Court of Jefferson county, on the 28th of January, 1876. The complaint alleges that the defendants unlawfully, and against the consent of the plaintiffs, withhold from the plaintiffs the possession of certain real estate therein described, being a lot at Lloyd's Station, in Jefferson county, and prays restitution of possession and their damages. A summons was issued by the clerk of said county and served on the defendants, who caused their appearance to be duly entered in the case on the 7th day of February, 1876.

On the 8th day of April, 1876, the parties, by their respective attorneys, agreed upon a statement of the facts existing in said suit, reduced the same to writing, and after signature, caused it to be filed with the clerk of the court.

By the consent of the parties, the cause was then transferred to the Leon County Circuit Court, that being in the same judicial district. On the 8th day of April, 1876, the cause was by consent tried by the court on such statement of facts, who found "that the defendants did not, at the time of the filing of the complaint in this case, wrongfully hold possession of the real estate mentioned in the complaint against the consent of the plaintiffs; that the said defendants have not so held possession thereof against the consent of the plaintiffs within three years next before the filing of said complaint, and that the plaintiffs have not the right of possession in the real estate aforesaid, etc.," and ordered judgment for defendants for costs.

Upon this judgment the plaintiffs sue out their writ of error to this court.

The facts as agreed upon by the parties and upon which the case was submitted, are as follows :

About January 1st, 1874, the defendants in error took possession of the property mentioned and described in the complaint, under an oral lease, for the term of three years, from Mittie Scott, mother of the infant plaintiffs, she having at that time title to the said property from her late husband, Daniel Scott, deceased, such title deed dated in November, 1871.

On the 3rd of January, 1874, Mrs. Scott filed her claim to the benefit of a homestead on the premises, under the laws of Florida, and on the 12th of August in the same year died, leaving the infant plaintiffs her only heirs.

Before the date of the deed to Mrs. Scott, given by her husband, Daniel Scott, a judgment was rendered in favor of Orff, Watkins & Co., against A. W. Mason & Co., based upon a cause of action which arose on the 30th of July, 1868, and Daniel Scott was a member of such firm of A. W. Mason & Co.; that on the 4th day of January, 1875, after the death of Mittie Scott, while the defendants were in possession under their oral lease, the property was sold under and by virtue of an execution on the said judgment, and was bought at such sale by the defendant, Sallie D. Lloyd ; that defendants have been in continued and uninterrupted possession of the premises from the time they went into possession under said oral lease to the present time ; that in January, 1876, defendants received written notice to vacate said property or pay rent for the same, which they have failed to do.

It does not appear from the statement of facts upon which the court determined this case, whether the mother of the plaintiffs, Mittie Scott, died intestate or not, or whether there was any administration of her estate. They commenced their action of unlawful detainer as her sole heirs, and they seem to proceed under the idea that they, as such

heirs, were solely interested in or capable of exercising control of the real estate of their deceased mother. Whatever may have been the rule under the English law, such is not now the case under the statutes of our State. Real estate, and whatever is comprehended by that term, is, by the express act of our legislature, made assets in the hands of an executor or administrator.

The act passed in 1833 (Thom.Digest, 202,) is explicit and cannot be misunderstood. It provides that "real estate shall be considered assets in the hands of executors or administrators, and after the personal assets are exhausted, may be sold under an order or decree from the judge of probate, or officer discharging the functions of ordinary or judge of probate;" providing also the proceedings which shall be taken in order to make such sale valid and effectual. To such an extent did the Legislature go, that it authorized the judge of probate to decree the sale of real estate of any deceased person in preference to a sale of his slaves, where it was necessary for the payment of just debts, and where it was deemed most beneficial to the heirs, legal representatives or devisees of the estate.

The effect of this statute has been very ably commented upon by Mr. Justice Hawkins, in the case of Gilchrist vs. Filyau and wife, in 2 Fla., 94. The learned Judge says: " In England, if a man died seized in fee, the descent goes to his eldest son, and the lands are not assets in the hands of the administrator for the payment of his debts. By the laws of Florida there is no such thing as primogeniture; the lands descend in parcenary, and are expressly declared assets in the hands of the administrator or executor, and after the exhaustion of the personal assets, may be sold to pay debts due by the estate, besides being liable with personal property to an execution existing upon any judgment against such executor or administrator. Here we see all distinctions known to the English law between the real and

personal estate, as to their being assets in the hands of the executor or administrator, entirely done away, subject to some modifications to be noticed hereafter. This distinction being once established, the same rights, duties, and liabilities as to both seem to be the necessary result and consequence." Again he says: "Although by our statute of descents the fee is clearly in the heir, so that the inheritance may remain unbroken, yet it is so cast upon him subject to the debts of the intestate, and I might add the dower of the widow. If the lands are assets, they must carry with them the incidents of assets, and when the law declares them to be such, the power to render them available necessarily follows as an incident."

The rents and profits are incident to the land, and it is obvious that the law intended that the whole estate should be subject to the payment of debts.

This opinion was approved by this court in the case of The Union Bank vs. Heirs of Powell, 3 Fla., 175, and is therefore the well settled law of the State. The right of possession is an incident of the asset, and of course must pass to the personal representative under our statutes and not the heirs. He takes the rights of possession appertaining to the ancestor, and so holds and controls them until the settlement of the estate, or he is relieved by the determination of a court of competent jurisdiction. Harwood vs. Marye, 8 Cal., 580; Curtis vs. Sutter, 15 Ill., 259; Carnall vs. Wilson, 21 Ark., 62; Thompson vs. Duncan, 1 Tex., 485; Edwards vs. Evans, 16 Wis., 193; Smith's Landlord and Tenant, 80.

This question is in no way changed by the act of February 16, 1870, which is the law now controlling with regard to the duties of personal representatives in the sale of real estate. By the terms of this law the real estate is made assets in the hands of the executor and administrator, and it modifies and changes some of the other provisions of the

previous statute. The same reasoning applies with equal force to the latter as to the former law.

It is not necessary to examine or pass upon any of the other questions in the case, as the judgment must be affirmed for the reason that the plaintiffs are not the proper parties to maintain the action.

Judgment affirmed.