ALEXANDER S. MERRITT, AS EXECUTOR OF E. J. MERRITT, APPELLANT, VS. SUSAN DAFFIN ET AL., APPELLEES.

1. An administrator holding the real estate of his intestate as assets, is, under the laws of Florida, the only necessary party to a suit for the foreclosure of a mortgage made by the intestate.

2. The heir of the intestate is not a necessary party, and, though not a party to such a suit, is concluded by a decree of foreclosure and sale therein against such administrator.

3. Where a bill is filed by heirs to enjoin the enforcement of a decree of foreclosure and sale rendered against an administrator on a mortgage made by their ancestor, and such bill does not show that the bill of foreclosure did not state facts justifying a decree against the administrator, it is error to enjoin the enforcement of the decree.

4. Where there is a decree of foreclosure and sale against an administrator, the appointment without notice to the administrator, of a second master. in place of the one originally named in the decree, who had died, is not a ground for enjoining a sale by the second master under such decree.

Appeal from the Circuit Court for Jackson county.

Mrs. Daffin and Mrs. Perry file a bill, to which the husband of each is a party complainant, against the appellant, making the following allegations: That their mother, Mrs. Ann A. Clarke, in 1866, and up to the time of her death, owned and was possessed of certain described lands in Jackson county, and that on March 22, 1867, Mrs. Clarke and her husband, John Clark, gave to one E. J. Merritt a paper purporting to be a mortgage on said lands, to secure the payment of a promissory note for the sum of $3,600, made by them, and payable to the order of said E. J. Merritt, one year after date, with interest. That the execution of the alleged mortgage was never acknowleged by Mrs. Clarke, on an examination separate and apart from her husband, as required by the statute, and that, therefore, it is null and void. That the sum of $3,600, attempted to be secured was lent by the testator, E. J. Merritt, to John Clarke, and was used by him in the conduct of his own business and not in the interest nor for the benefit of his wife. That Mrs. Clarke died on the 22d day of March, 1867, leaving as her sole heirs Mrs. Daffin and Mrs. Perry and John Clarke; and that after her death the appellant, as executor of E. J. Merritt, who had in the meantime departed this life, instituted a suit in the Circuit Court of said county against said John Clarke, in his own right and as administrator of Mrs. Clarke, to foreclose said mortgage, and that no defence being made, a decree foreclosing said mortgage, and directing a sale of the lands described therein, was rendered on December 12th, 1877, and that afterwards the master originally appointed by such decree having died, the Circuit Judge, on application of the complainant therein, and without notice to the defendant, appointed another master to make the sale thereby decreed, and that the new master has advertised and threatens to sell the lands under

22

and pursuant to such decree. The prayer of the bill is for an injunction against a sale or other further proceedings under such decree, and for general relief.

To this bill the appellant demurred, and the cause was referred to Mr. John C. Avery, of the Pensacola bar, for trial, and it having been submitted to him for final disposition on the pleadings, he decreed that the appellant be enjoined from making sale of any part of said lands, under said decree of December 12th, 1877, except the one-third interest of said John Clarke therein.

From this decree appeal has been taken.

*Liddon & Carter* for Appellant.

*Mallory & Maxwell* for Appellees.

1st. Appellant's demurrer to bill was rightly overruled as to the ground, to wit: General want of equity.

The debt secured by the mortgage given by Mrs. Ann A. Clarke and John Clarke, her husband, foreclosure sale under which we now seek to enjoin, was for money loaned to John Clarke, for use in his separate business, and evidenced by his note. It constituted no claim against Mrs. Clarke personally, so there is no question here involved of following assets into the hands of the administrator.

The property mortgaged was separate estate of the wife; the money was borrowed by and for the husband. Therefore it imposed no equitable lien on the separate estate. Staley vs. Hamilton, 19 Fla., 275. If the property was liable at all, then it was under the mortgage.

The mortgage was on the separate estate of the wife, and its execution was never acknowledged by her as by statute required. Therefore it was void. 19 Fla., 275, *infra.*

After the death of Ann A. Clarke foreclosure suit was

brought against her husband, John Clarke, in his own right and as administrator of his wife, decree *pro confesso* and final decree obtained, and sale ordered, which sale the heirs, appellees herein, now seek to enjoin. The sole question is, were they necessary parties to the foreclosure suit, in order to be bound thereby, or are their rights barred by the decree against the executor?

The title in fee under our statutes vests upon the death of the ancestor in the heir. Union Bank vs. Heirs of Powell, 3 Fla., 175 ; Whitlock vs. Willard, 18 Fla., 156 —text 168 ; Scott vs. Lloyd, 16 Fla., 151.

Subject only to the administrator's " right of possession for temporary purposes, and subject to these defined statutory powers of sale." 17 Fla., 168, *infra.*

In order that the rights of any party in interest be barred by a foreclosure of mortgage, it is necessary that they be parties thereto. Jones on Mortgages, 2, Secs. 1394-6 ; Story's Equity Pleading, Sec. 193.

Therefore, the appellees' rights as heirs having vested upon the death of Ann A. Clarke, before institution of the suit of foreclosure, they should have been parties thereto. As they were not made so, it did not affect their rights, but bound only John Clarke, as one of the heirs and administrator, he being the only party defendant.

That heirs are necessary parties to foreclosure proceedings, see Story Eq. Pleading, Sec. 196 ; Jones on Mortgages, Sec. 1414.

Notwithstanding that our statutes make lands assets in the hands of the administrator, and give him temporary right of possession, we conceive the law as there laid down to be still in force, the heirs being still the legal owners and the real parties in interest.

Upon the inability of an administrator to bind real es-

tate as against the heirs, by suffering judgment against himself, under statutes almost identical with ours, we ask the particular attention of the court to the case of Steele's Adm'rs, vs. Steele, 64 Ala., 438; 38 Am. Reports, 15. The case at the bar is stronger than that, as there the proceeding was under a judgment against the estate, against the lands as assets in the hands of the administrator; here the land is not attacked as assets.

It only remains to notice briefly the argument of appellant upon this ground of demurrer.

The authorities cited by him to show that the matter is *res adjudicata* will be seen to relate to cases where the parties to the first and second proceedings were the same. In this case the very basis of our action is that we were not parties to the foreclosure.

As to being *res adjudicata* because *in rem*, Freeman on Judgment, Sec. 606, cited by him, says: "The true definition of a judgment *in rem*, is that it ' is an adjudication ' against some person or thing, or ' upon the status of some subject matter' which, wherever and whenever binding upon any person, is equally binding upon all persons." This is not incident to but the definition of a judgment *in rem*, and must be shown to be the effect of a foreclosure before that can be classed as *in rem*. That such is not its effect, and therefore that is not *in rem*, see authorities above cited, that it binds only the parties thereto.

Neither is it within the definition of proceedings *in rem*. laid down by Marshall, C.-J., in Maukin vs. Chandler & Co., 2 Brocks., to-wit: "A proceeding where the service of process is on the thing itself, and the whole world are bound wi hout notice to any individual whatever. "

Directly in point is Jones on Mor gages, Sec. 1396, which says: " The rights of any one so interested, not

made a party to the bill, are not effected by the decree of foreclosure, and the sale under it, but he may redeem as before the sale. The proceeding is not *in rem*, but *in personam*."

As to the change in the status of land made by our statutes, this court has already decided, as above shown, that they vest in the administrator only a temporary right of possession, the fee remaining in the heir. 18 Fla., 156.

The decision in 16 Fla., 151, that the heir could not maintain an action in unlawful detainer, and 17 Fla., 507, that the administrator could maintain ejectment, are perfectly consistent with this. The action of unlawful detainer can be maintained only by the person having a perfect right of possession. This we admit was, pending administration, in the administrator.

Ejectment is also a suit for possession, and the administrator having a temporary right to possession, rents and profits, can of course enforce same in the courts of law, which can only be done by an action in ejectment.

That ejectment can be maintained by party having right to possession, whether owner in fee or not, see Chitty on Pleading, 211; Puterbaugh on Pleading and Practice, 605.

That the administrator has no right as owner is expressly decided in 18 Fla., 156, *infra*.

No question of staleness in our claim arises in this case. We are now seeking to enforce a claim, but to prevent our property, the title of which is already in us, from being taken from us. The proper time to do so is before the performance of the act which would deprive us of it. This we have done.

If any staleness exists it is against the appellant, who is now seeking foreclosure sale under a decree obtained in 1877.

To sum up: The mortgage is the whole basis of appel-

lant's claim against the property. It is on its face a nullity, and is, so far as we are concerned, unadjudicated. We ask, therefore, that appellant be enjoined from making sale of our two-thirds interest in the property, as tending to cloud our title to same.

2nd. Upon second ground of demurrer, i. e., the non joinder as parties plaintiff of the administrators of John Clarke, we have to say: first, it does not appear that such administrators exist, or that debts or assets of said estate exist to render their appointment necessary.

2d. If such administrators do exist, they represent only the interests of John Clarke, and John Clarke, Administrator, and as to them we are willing to admit that, as contended by appellant, the matter is res adjudicata, they having been parties of the foreclosing suit.

That after such foreclosure the parties thereto cannot reopen it, by a suit of this nature. See 15 Fla., 308 ; 19 Fla., 455.

MR. JUSTICE RANEY delivered the opinion of the court:

The leading question to be decided in this cause is whether or not the decree of foreclosure and sale, rendered against John Clarke, as administrator of the estate of his wife, Mrs. Ann Clarke, concludes her daughters, Mrs. Daffin and Mrs. Perry, as her heirs. There is no doubt that if the property covered by the alleged mortgage deed were personal instead of real estate, they would be concluded, though not parties to the decree, for both at common law and under our statute, the administrator of an estate is the only necessary representative of the personalty of a decendent in such a suit. Whether or not this is also true of a suit of foreclosure and sale, under our system of laws, when the property involved is real estate, is to be ascer-

tained by a consideration of our statutes and their effect upon the common law as it existed independent of them. Independent of the statutes the heirs would be necessary parties, and a decree against the administrator, and to which they were not parties, would not conclude them.

Though this precise question has not ever been before this court, yet there are a number of decisions as to the effect of our legislation upon the status of lands with reference to the administration of the estates of deceased persons.

In Gilchrist vs. Filyau, 2 Fla., 94, it was held that an action of debt could not be sustained in this State against an heir upon the bond of his ancestor, although the heir was expressly named in the bond ; and in Union Bank vs. Heirs of Powell, 3 Fla., 175, that lands being assets in the hands of the personal representatives, it was necessary that such representatives should be parties to a *scire facias* brought to revive a judgment rendered against a testator or intestate, and that under the statute (Th. Dig., p. 444,) providing a limitation for an action of debt or *scire facias* against any executor or administrator, or other person having charge of the estate of the testator or intestate, upon any judgment obtained against his testator or intestate, to revive such judgment, it was questionable whether it was necessary to make the heirs and *terretenants* parties to such a *scire facias* brought to subject the land of the decedent to the judgment ; and that unless they could be regarded as persons having charge of the estate of the testator or intestate, within the meaning of the statute, and the lands in their hands assets, they were not properly parties. The failure to institute the *scire facias* against the personal representative within the statutory limitation was held to be a good defence in behalf of the heirs to the *scire facias*.

In Sanchez, Administrator, vs. Hart, 17 Fla., 507, the

conclusion reached is, that in this State an administrator has the right of entry into, and the right of possession of, the real estate of his intestate, and can maintain ejectment ; that his right to recover follows his right to rents and profits, and because lands are assets in his hands with a power to cultivate the same ; that the basis of his action is the title of his intestate, his estate, interest and power after recovery, being limited by the incidents and duties which the law attaches to him, and with which his possession is surrounded.

In Wade vs. Doyle, 23 Fla., 90, it was held that when administration has been granted on the estate of a decedent and the estate is unsettled, and the administrator not discharged, the heirs at law of the decedent can not maintain a suit in ejectment tor the recovery of real estate of such decedent, but the administrator is the proper party plaintiff. In Eppinger, Russell & Co., *et al.*, *vs.* Canepa, 20 Fla , 264, we have a decision to the effect that an executor in possession of real estate of the testator is, when the rents thereof are necessary to the satisfaction of the debts, personally accountable to the creditors for the rental value thereof when the circumstances of the case disclose a failure to realize rents, and a neglect to exercise the diligence and business activity required at his hands in the management of the property.

It is unnecessary to review all the statutes upon which these decisions are founded. The conclusions reached flow naturally and logically from the fact that our statutes have made lands " assets," and that as such they are answerable in the hands of the executor or administrator for the payment of the decedent's debts ; and as assets the administrator is the one in whose possession the law, by making them such, places them, and to whose care it entrusts them.

It is contended by counsel for appellees citing the au-

thorities mentioned in this paragraph that the title in fee of real estate vests upon the death of the ancestor in the heir, (Union Bank vs. Heirs of Powell, *supra;* Whitlock vs. Willard, 18 Fla., 156, 168; Scott vs. Lloyd, 16 Fla., 151,) subject only to the " right of possession for temporary purposes and subject to defined statutory powers of sale," (Whitlock vs. Willard, *supra*, 168,) and that in order that the rights of any party in interest shall be barred by a foreclosure of mortgage it is necessary that he be a party to such foreclosure, and that therefore as the rights of Mrs. Daffin and Mrs. Perry vested upon the death of Mrs. Clarke, and before the institution of the foreclosure suit, these ladies should have been made parties, and the decree did not affect their rights but bound only John Clarke as an heir and as administrator.

The title to real estate descends upon the death of an intestate to the heirs, but this title is cast subject to the effect the existing provisions of law may have upon it.

Not only did the statutes in force at the death of Mrs. Clarke make real estate assets in the hands of executors or administrators, (sec. 2, act of Nov. 20, 1828, pp. 202-3, Th. Dig.,) but they also declared that real estate in the hands of one or the other " may and shall be equally liable with personal property to an execution existing upon any judgment against such executor or administrator; provided, however, that no real estate of any deceased person shall be taken in execution unless first directed by the administrator, so long as there remains personal property sufficient on which such execution may be levied, but the executor or administrator in every case may designate the property or kind or part of property which shall first be taken in execution, and whether it shall be real or personal property ; provided, always, that the officres levying said execution shall judge of the sufficiency, and shall take sufficient property, if it

be found, to satisfy the execution." Sec. 24, act Nov. 20, 1828, sec. 5, p. 200, Th. Dig. The act of 1870 is equally strong in its provisions making lands assets and as to the sale of the same under execution. Mc's. Dig., pp. 85, 86.

The 1st and 2d sections of the same act of 1828, secs. 57, 58, pp. 93, 94, McC's. Dig, are to the effect that in all cases where written agreements and contracts shall have been made for the conveyance of real estate in this State, and the person agreeing or contracting to make such conveyance has died, or shall hereafter die before the execution of such conveyance, the executors or administrators of such person shall be authorized and empowered to execute such conveyance according to the rules and forms prescribed by law for the conveyance of real estate, and such conveyances are given the same force and effect as other conveyances of real estate made under and in pursuance of the laws of the State.

By the act of February 10th, 1834, section 5, p. 112, McC's. Digest, it is provided that when one executor or administrator resides or has removed beyond the limits of the State, and there are " assets " of the testator or intestate in the State, it shall be lawful for any person having a debt or demand against the estate to take out an attachment against such assets in the manner provided therein.

Though it be true that upon the death of the ancestor the fee of real estate descends to, or the title thereof is cast through the instrumentality of the statute of descents, upon the heir, it cannot be denied at this day that the administrator is entitled to the possession of it as assets, nor do we think it can be said that an execution sale of it, and a conveyance by the Sheriff pursuant thereto, under a common law judgment *de bonis intestatoris* rendered against the ad-

ministrator on a claim originating against the intestate in his life time, would not cut off the heir and vest the ancestor's title and interest in the purchaser, and thus, too, though the heir has not been named upon the record of the proceedings resulting in such judgment, sale and conveyance. It is clear, though we admit the administrator is not the *owner* of the land or of the title thereto, that the effect of the proceeding, to which he alone as the representative of such property is a party, is to pass to the purchaser the title which descends to the heir at the death of the ancestor. It will be observed moreover that not only do the above provisions as to such judgments and the execution sales thereunder have the effect stated, but that the administrator is given the discretion to have real estate subjected to such levy and sale in preference to personalty. The right to exercise this discretion is an unquestionable power over the inheritance and one to which the heirs' rights and title are subject.

When the ancestor has made a written contract to convey, the person entitled to the conveyance does not have to ascertain and apply to the heirs upon whom the technical title may have fallen, for a conveyance, but the adminstrator may convey the title; and finding nothing to justify a suspicion that real estate is not included in the " assets " of the attachment statute referred to, the conclusion that a sale under a judgment in such an attachment proceeding to which the administrator was the only party representing the intestate and the land of his estate levied upon under the attachment, would carry the entire interest and title of the intestate and be binding upon the heirs, is, we think, unquestionable.

In view of these several provisions it cannot be denied that to a great extent the administrator is under our statutory policy the representative of the entire title and inter-

est of the intestate's real estate and that this representative capacity either extends to the interest of the heirs or is superior to their interests.

If it be, as clearly is the case, that upon the adjudication by a common law court of an indebtedness of the intestate against the administrator as such, an execution sale may be had of the real estate held as assets by the administrator, with the effect stated upon the heirs, unless the estate being insolvent he stop such sale by insolvent proceedings, and that he has the representative authority as to the lands otherwise indicated above, how can it be logically said that he has not such a representative capacity as to lands as assets, where his intestate has not only contracted during his lifetime the indebtedness, but also given an express lien on the land entitling the creditor to a decree of foreclosure and sale to satisfy such indebtedness in a court of equity? A mortgage in the ordinary form is, when duly executed, as much an agreement that the mortgagee shall have such a decree as it would be were there an express contract to this effect embodied in it. Hart vs. Sanderson's Admr., 18 Fla., 100, 114; 15 Fla., 337. There is no more reason, on the score of protection of their interests in fee in lands, why the heirs should be before the court in the case of a foreclosure suit than in a common law action, or than that they should execute the deed of conveyance where there has been a written contract of sale. To hold that it is necessary that they should be parties in order to be bound by the decree would be antagonistic to the clearly defined policy of the statutes as to the extent of the administrator's representative power in all adversary proceedings instituted by creditors to reach the land as assets of the intestate.

There is nothing in any of the authorities cited that conflicts with the conclusion we have reached, nor is it neces-

sary to notice all of them. Scott vs. Lloyd, 16 Fla., 151, decides that heirs at law are not proper plaintiffs in an action for unlawful detainer where the defendant is in possession under a lease made by the ancestor in her lifetime, but that as the right of possession passes to the administrator or executor the right of action passes as an incident of the asset. Whitlock vs. Willard, 18 Fla., 156, holds that while an administrator may, under the statutes of this State, maintain an action of ejectment upon the title of the intestate to recover possession, yet not being an owner, joint tenant, tenant in common, or coparcener, within the meaning of the statute giving such persons a right to partition, he cannot have partition. If there is any remark in the opinion in that case which would seem to militate against our conclusion in this, it is only necessary to say of it that there was nothing in that case requiring an expression upon or a consideration of the point before us, nor does the opinion indicate that the several statutory provisions more expressly evidencing the legislative intent as to the question before us were considered by the Justice delivering it.

The Michigan statute, as to which the remarks of the Supreme Court of that State in Campaw vs. Campaw, 25 Mich., 127, quoted, were made, is not so broad as ours, but merely gave the administrator right to the possession of real estate and to receive the rents, issues and profits of the same until the estate was settled or delivered over by order of the Probate Court to the heirs or devisees.

As to Steele *et al.* vs. Steele's Admr., 64 Ala., 438, it is only necessary to say that while we do not feel called upon to say whether or not a judgment *de bonis intestatoris* recovered by a creditor concludes an heir as to the validity of the claim in a proceeding by the administrator under the stat-

ute to sell land to pay it as a debt of the estate, we see nothing in the opinion that, in the view of our statutes, precludes the conclusion we have reached.

Though the administrator is not the owner, nor invested with the title to the real estate of his intestate, he holds them in trust to pay debts and lawful charges and to manage for the benefit of all concerned, and his representative capacities as to it as assets are such under our statute as to make him the sole necessary party in a proceeding by a creditor to subject it to foreclosure and sale under a mortgage. The fact ·that our statute of 1841, in providing a special proceeding to be instituted by the administrator for the sale of real estate, where the personal estate was not sufficient to pay the debts, may have required that the heirs shall have notice or be made parties, does not overcome the general effect of other laws making them assets or as to proceedings instituted by creditors. The act of 1828, and that of 1870, have no such requirement. Though he could not himself procure under the act of 1841 a sale on his own application, except upon notice to the heirs, this does not take away the power given him to represent the assets and all interested in them in proceedings instituted by creditors, nor does it otherwise qualify the general effect of the Legislature to make lands assets in the hands of administrators and liable to the debts of the intestate. It is subject to those liabilities and conditions that they descend.

II. As the administrator of Mrs. Clarke was a proper, and the only necessary party to the foreclosure proceeding, the defenses, if there were any, to the bill resulting in the decree of foreclosure and sale should have been made by him. What the allegations of that bill were is not made known to us. They may have been such as to constitute a binding charge upon the land notwithstanding the defect

in the instrument as a statutory mortgage. If the decree rendered upon it was erroneous, it should have been appealed from in the time allowed for taking appeals. It is *res adjudicata* as to the appellees.

III. The record does not show that the administrator, John Clarke, is not still living and such administrator. If he is, he is the proper party to correct any error there may have been in the manner of appointing a second master after the death of the first one. The bill does not suggest that the administrator is not still living and the defendant's demurrer to the bill is not the pleading by which such a fact can be suggested either directly or inferentially.

The decree is reversed and the injunction dissolved, and it will be so ordered.