D. L. BELTON, AS ADMINISTRATOR, *et al*, APPELLANTS,. vs. MARY J. SUMMER, BY HER NEXT FRIEND, APPELLEE.

1. A will, not made in contemplation of matrimony, is revoked by the marriage of the testator and birth of a posthumous child subsequently to the making thereof.

2. The probate of a will by a court of competent jurisdiction is the authenticated evidence but not the foundation of the executor's title, and when unrevoked, is only *prima facie* evidence, so far as it extends to real property.

3. In collateral proceedings the effect of the probate as *prima facie* evidence of the validity of the will as to real property, may be overcome by other evidence which establishes its invalidity.

4. The heir of a mortgagor will not be barred of his redemption by a foreclosure of a mortgage of real property against the executor of a revoked will of the deceased mortgagor, and a sale of the mortgaged real property thereunder, unless he was a party thereto, although the revoked will was admitted to probate by a court of competent jurisdiction and the probate remained unrevoked.

Upon appeal from a decree of the Circuit Court for Marion county.

The facts in the case are stated in the opinion.

*Hocker & Mabry* for Appellant.

*Fleming & Daniel* for Appellee.

(Judge Malone, of the Second Circuit, sat in the place of Mr. Justice Mabry, who was disqualified).

MALONE, Circuit Judge :

The appellee, by her next friend, on the 11th of

February, 1887, filed her bill against the appellants in the Circuit Court for Marion county, in the Fifth Judicial Circuit of Florida, and therein alleged, that one Adam G. Summer, on the first of January, 1856, made and delivered to one John Tompkins two promissory notes, each for $2,500, and payable on the first days of January, 1857 and 1858, respectively, and also a deed of mortgage to certain lands situated in Marion county to secure said notes. John Tompkins assigned said notes and mortgage to one Little Berry Branch on the 26th of November, 1856. Some time afterwards Adam G. Summer made his last will and testament, on the 4th of August, 1863, and intermarried with one Margaret J. Starke on the 20th of December, 1865, and died on the 5th of July, 1866, leaving the said Margaret, his widow, surviving him, who gave birth to the appellee three days thereafter. William Summer was appointed the executor of said will, and one Henry Summer was a devisee therein. This will was admitted to probate in Marion county upon the affidavit of Henry Summer, and letters testamentary were issued to William Summer on the 1st of September, 1866. Little Berry Branch, on the 26th of February, 1867, filed his bill against William Summer, as executor of the will of Adam G. Summer, in the Circuit Court for Marion county, to foreclose his mortgage, and the said executor demurred thereto on the 10th of August, 1867. This demurrer was afterwards overruled, and leave granted to the executor to plead to or to answer the bill within a specified time. Final decree of fore-

closure was granted on the 23rd of January, 1868, for $4,215.71, and the mortgaged lands were subsequently sold thereunder, at the price of $905, to Little Berry Branch, who, together with his representatives, have retained possession thereof ever since. A decree for the balance of the mortgage debt was subsequently granted, and was assigned by Little Berry Branch to one Alfred Ayer. These allegations are followed by a prayer that the will and the probate thereof be adjudged to be · null and void, and that the the final decree of foreclosure and the sale of the mortgaged land thereunder, be adjudged to be of no effect to pass the title to the said Little Berry Branch, and that the appellee be allowed to redeem the same by paying the mortgage debt, etc.

The appellants demurred to this bill upon the following grounds, viz: 1st. That it doth not appear from the allegations of said bill that the complainant hath any right to equitable relief. 2nd. It appearing from the allegations of the bill that complainant is not in possession of the lands for which she sues, she is not entitled to the relief prayed for in equity. 3rd. It doth not follow from the matters and things alleged in complainant's bill that the will of Adam G. Summer is void in law or equity. 4th. It is incompetent for the complainant in a collateral proceeding, as in this case, to attack the probate of the will of Adam G. Summer. 5th. It appearing from the allegations of the bill that proceedings of Little Berry Branch, in the foreclosure suit set forth in the bill, were proceedings in rem to enforce the payment of purchase· money

upon the mortgage as therein alleged, it doth not follow as a matter of law that said proceedings are void. 6th. That there is no equity in the bill.

The judge sustained this demurrer as to all that portion of the bill which does not relate to the right of the appellee to redeem the property referred to in the bill, but overruled it in so far as it seeks to deny the right of redemption, and ordered that the bill be retained for the purpose of determining appellee's right of redemption.

The single question presented in the petition of appeal is whether the foregoing facts bar the appellee from redeeming the mortgaged lands from the appellants.

It is an elementary principle of law that upon the death of a mortgagor of real property, without having assigned or devised his equity of redemption, it becomes vested in his heir, and in order to bar the heir of his right of redemption by a foreclosure, he must be made a party thereto; otherwise, as to him, the proceedings are a nullity, and he may redeem the mortgaged real property after foreclosure and sale thereunder. 20 Am. & Eng. Ency. of Law, 618 and 626; 8 *Ibid*, 215. (See Merritt, Executor vs. Daffin, 24 Fla., 320). But this elementary principle has been qualified by the statutes of this State, as construed by this court, and did not obtain to its full extent at the time of the decision of this suit by the lower court. In construing the statute law of this State, which touches upon this subject, this court has decided in a former

case, that an administrator holding the real property of his intestate as assets is the only necessary party defendant, to a suit to foreclose a mortgage made by the intestate in his life time, and the heir, though not a party to said suit, is concluded by a foreclosure and sale thereunder. Merritt, Executor, vs. Daffiin, 24 Fla., 320. The appellants contend that this decision is applicable to the case under consideration, and determines the right of redemption adversely to the appellee.

We will now consider this contention and ascertain whether it is tenable. It is evidently founded upon the assumption that the two cases are alike, for, indeed, if they are alike, then the decision would apply alike to both of them; but if they are not alike, and can be distinguished, the one from the other by important differences, then the decision does not necessarily apply to both of them, but may apply to one and not to the other. It becomes necessary, therefore, to ascertain and determine whether they are alike, or unlike and differ from each other in important particulars. It will be perceived upon a comparison of the facts in the two cases, that in the case of Merritt, Executor, vs. Daffin, the administrator of the mortgagor held possession of the mortgaged property of his intestate as assets and was made a party to the foreclosure proceedings; while in the case under consideration the executor of a revoked will held the possession of the mortgaged property of the testator as assets, and was made a party to the foreclosure proceedings. In

the former case the administrator derived his office from the appointment of a court of competent jurisdiction, and both his right to his office and the consequent right to the possession of the mortgaged real property of his intestate as assets, was unquestionable; but in the latter case the executor derived his office from the will, and both his right to his office and his consequent right to the possession of the mortgaged real property of his testator as assets, necessarily depended upon the validity of said will. Now if the will was valid, then there was a lawful executor, and the two cases would be alike, but if it was invalid, then there was no lawful executor, and they would not be alike. It becomes necessary therefore to determine whether the will of Adam G. Summer was valid.

It will be discovered by referring to the facts stated in the bill, which are admitted by the demurrer to be true, that after making his will, Adam G. Summer intermarried with one Margaret J. Starke, on the 20th of December, 1865, and died on the 5th of July, 1866, leaving his widow surviving him, who gave birth to the appellee three days thereafter. Nevertheless this will was admitted to probate by a court of competent jurisdiction, and the probate remains unrevoked. There being nothing to indicate that the testator made his will in contemplation of marriage, his marriage and the birth of the posthumous daughter subsequently to the making of the will revoked it and made

it invalid. Therefore William Summer, who was appointed the executor of the revoked will, had, at least as to the appellee, no title to the office of executor, and no right to the possession of the mortgaged real property of the testator as assets, after the revocation of said will. This want of title to the office of executor and right to take possession of the mortgaged real property as assets by William Summer, distinguishes this case from that of Merritt, Executor, vs. Daffin, in which the administrator was authorized to perform the functions of his office, and to hold the real estate of his intestate as assets.

We will now consider the effect of the probate of this revoked will. The probate of a will is the authenticated evidence, but not the foundation of the executor's title. Williams on Executors (3rd Am. ed.), 234; Gregory vs. Oates, 18 South Western Rep., (Ky.), 231. It clothes him with no new or additional right to the testator's property, but simply evidences the validity of the will which is the foundation of his right to said property. When unrevoked, it seems to be conclusive both in courts of law and equity as to the validity of the will so far as it extends to personal property (Williams on Executors (3rd Am. ed.), 450; 19 Am. & Eng. Ency. of Law, 182, note 1), but under the statutes of Florida, is *prima facie* evidence only of its validity so far as it extends to real property (Revised Statutes, Section 1810); 1 Williams

on Executors (6th Am. ed.), 617, noted; Smith vs. Bonsall, 5 Rawle, 80; Coates vs. Hughes, 3 Binney, 498. Formerly as to real property, it was not even evidence of the execution of the will. When granted by a court of competent jurisdiction it can neither be impeached collaterally, nor set aside by a proceeding in chancery. Freeman on Judgments (3rd ed.), Section 608; Story's Equity Jurisprudence, (7th ed.), Section 184; Gaines vs. Chew, 2 How., 619, 645, 646; Armstrong vs. Lear, 12 Wheaton, 169; Tarver vs. Tarver, 9 Peters, 174; Case of Broderick's Will, 21 Wallace, 503; Gaines vs. Fuentes, 92 U, S., 10. Nevertheless, in a collateral proceeding, its effect as *prima facie* evidence of the validity of the will as to real property may be overcome by other evidence showing the will to have been invalid. Troy vs. Evans, 97 U. S. 1; Kelly vs. Jackson, 6 Peters, 622. Now the effect of the probate as *prima facie* evidence of the validity of the will of Adam G. Summer has been overcome, and the invalidity of said will established by facts which are stated in the bill and admitted by the demurrer to be true. The foreclosure therefore was against a defendant whose representative capacity extended neither to the title or right of possession of the mortgaged real property of Adam G. Summer, nor to the appellee's title or right of possession thereto. Under these circumstances we think the appellee was a necessary party to the foreclosure, in order to bar her of her right of redemption; but not

having been made a party thereto, the proceedings therein, as to her, are a nullity, and do not bar her of her right of redemption.

The decree appealed from is affirmed.