BEULA C. WALKER, JOHN D. WALKER AND GEORGE E.
WALKER, BY THEIR NEXT FRIEND, NANCY A. WALK-
ER, WILLIAM A. BARRINGTON, IN RIGHT OF HIS
WIFE, LILLIAN I. BARRINGTON, AND LILLIAN I.
BARRINGTON IN HER OWN RIGHT, APPELLANTS, VS.
JOSEPH H. REDDING, APPELLEE.

1.  It is the duty of a court, of equity to see that the interests of
    minors are protected in suits before it, whether the claim or
    defense be properly pleaded or not, and for this purpose the
    chancellor should look to the record in all its parts, and of his
    own motion give to the minors the benefit of all objections
    and exceptions appearing thereon, as if specially pleaded, or
    require the representative of such minors to take such ex-
    ceptions or file such pleadings as may be necessary to fully
    secure and protect such rights and interests as the minors
    appear by the record to have.
2.  Under Article X, Constitution of 1885, only those who are with-
    out children can dispose of their homesteads by will.
3.  A decree foreclosing a mortgage upon the homestead, rendered
    against the executor of the last will of the owner of the home-
    stead who left surviving children to which foreclosure pro-
    ceeding the heir of such deceased owner was not a party, is
    not binding upon the heir.

Appeal from the Circuit Court for Madison Coun-
ty.

The facts in the case are stated in the opinion of the
court.

*John G. Caldwell*, for Appellants.

*H. J. McCall*, for Appellee.

CARTER, J.:

The pleadings in this case are somewhat confused,
and some of them very lengthy and inartificially drawn.

We shall attempt to state, in a general way only, those portions material to the questions considered by us in this opinion.

The original bill was filed February 23, 1893, and, in addition to appellants, Mrs. Nancy A. Walker was a party complainant in her own right, and one Albert E. Fraleigh was also a party defendant. A plea was filed by appellee which on argument was allowed, and several interlocutory decrees were made during the progress of the cause. On September 22, 1893, an amended bill was filed in which the name of Mrs. Nancy A. Walker does not appear as a complainant in her own right, and the name of Albert E. Fraleigh is omitted as a defendant. From the allegations of this amended bill, which are very similar to those of the original bill, it appears that the appellants, Beula C., John D. and George E. (minors under twenty-one years of age), and Lillian I., were the children of the said Nancy A. Walker and one David M. Walker, who died December, 1890, seized and possessed of seven hundred and forty acres of land in Madison county, of which one hundred and sixty acres, particularly described in the bill, constituted his homestead, upon which he, with his wife and children, had resided since 1887. It was alleged that appellee claimed a mortgage upon all of the lands, including the homestead, executed by said David M. in the year 1889. The validity of this mortgage was attacked on various alleged grounds of fraud, imposition and concealment, inducing its execution by said David M., and in procuring the relinquishment of dower from Mrs. Nancy A. Walker. It was also charged that at the time of executing this mortgage the said David M. was, on account of extreme age and physical infirmities, an imbecile in mind and body, and incapable of exercising sufficient intelligence to make contracts. It was also alleged that the

consideration for said mortgage was in part fictitious; that the mortgage had never been presented to the executrix of the last will of said David M., and that Mrs. Walker did not give her joint consent to the alienation of said homestead by joining in the execution of said mortgage, but merely relinquished her dower by a separate instrument. The bill, among other things, prayed that the one hundred and sixty acres of land described therein be declared exempt from forced sale by virtue of any decree obtained on foreclosure of appellee's mortgage.

To this amended bill appellee interposed the plea filed by him to the original bill, to the effect that in November, 1891, he had instituted a suit in chancery in the Circuit Court of Madison county against the said Nancy A. Walker, as executrix of the last will and testament of David M. Walker, deceased, for the foreclosure of the mortgage described in the bill; that the defendant in foreclosure had set up the same matters alleged in the bill as defenses to the foreclosure suit, upon which issues were joined and testimony taken; that a hearing was had on July 27, 1892, at which a decree of foreclosure was granted in favor of appellee and against the said Nancy A. Walker, as executrix aforesaid; that said decree of foreclosure had never been satisfied or reversed, and was still in full force, and that though the appellants were not parties to such foreclosure proceedings, they were privies, and bound by said decree.

A replication was filed to this plea, and, by consent of counsel for the respective parties, the testimony taken in the foreclosure suit was used as evidence upon the hearing, but the pleadings and record of the decree in the foreclosure suit were not offered in evidence. On December 30, 1893, the cause came on for hearing upon the pleadings and evidence, and it was decreed that the

prayer of complainants' bill be denied, and that the bill be dismissed. From this decree the present appeal was taken to our January term, 1895.

It will be observed that the only issue before the court at the time of the entry of the decree appealed from was as to the appellee's plea of res adjudicata. There was nothing whatever in the pleadings raising an issue as to the mental condition of David M. Walker at the time of the execution of the mortgage to appellee, nor as to whether, in fact, any fraud was practiced upon him or Mrs. Walker to induce them to execute it, nor as to the truth or falsity of any other allegation of the amended bill of complaint; and yet the only evidence introduced in the cause related to these matters, and not to the allegations of the plea. Neither the pleadings nor the decree in the foreclosure suit were introduced in evidence, from which the court could determine whether, as alleged in the plea, the same matters involved in the present suit were involved and adjudicated in the foreclosure suit. There was, consequently, no proof to sustain the plea, and the court erred in rendering the decree appealed from, which could only have been rendered according to equity practice upon the theory that the plea had been sustained by the evidence. It is true that this view of the case is not mentioned in the appellants' brief, the argument here being confined to a supposed issue as to the truth of the allegations of the bill, but we can not overlook the fact that three of the appellants are minors, and, for that reason, under the special protection of a court of chancery. It is the duty of a court of equity to see that the interests of minors are protected in suits before it, whether the claim or defense be properly pleaded or not, and for this purpose the chancellor should look to the record in all its parts, and of his own motion give to the minors the

benefit of all objections and exceptions appearing thereon as if specially pleaded, or require the representative of such minor to take such exception or file such pleadings as may be necessary to fully secure and protect such rights and interests as the minors appear by the record to have. Price v. Crone, 44 Miss. 571; Kingsbury v. Buckner, 134 U. S. 650, 10 Sup. Ct. Rep. 638; Stephens v. Van Buren, 1 Paige Chy. 479; Legard v. Sheffield, 2 Atk. 377; Stapilton v. Stapilton, 1 Atk. 2; Serle v. St. Elroy, 2 P. Wms. 385; Gilmore v. Gilmore, 109, Ill. 277; Lloyd v. Kirkwood, 112 Ill. 329. See, also, Long v. Mulford, 17 O. St. 484, S. C. 93 Am. Dec. 638; Bennett v. Bradford, 132 Ill. 269, 24 N. E. Rep. 630; Alling v. Alling, 52 N. J. Eq. 92, 27 Atl. Rep. 655; White v. Joyce, 158 U. S. 128; note 32 L. R. A. 671 *et seq.* Even if the plea had been sustained by proper evidence, we could not permit the matters therein alleged to conclude these minors. They were not parties to the foreclosure suit. Neither were they in privity with the party defendant in that case so far as the homestead of their *deceased* father was concerned. As to the *homestead*, the will of their father was utterly void, because contrary to Article 10, Constitution of 1885. Under the fourth section of this article only those who are without children can dispose of their homesteads by will. See Scull v. Beatty, 27 Fla. 426, 9 South. Rep. 4. The will being a nullity as to this property, the heir is not concluded by a decree of foreclosure rendered against the executor of such void will, the heir not being a party thereto. Belton v. Summer, 31 Fla. 139, 12 South. Rep. 371. Nor is this conclusion affected by our previous decision in Merritt v. Daffin, 24 Fla. 320, 4 South. Rep. 806. In that case the lands involved were assets in the hands of an administrator. Under these circumstances it was held that a judgment in foreclosure

of a mortgage upon such lands against such adminis-
trator was binding upon the heirs.  But it is well settled
by our decisions that the *homestead* is not assets in the
hands of an administrator; nor, in the absence of a valid
will, can it be rightfully in the control, custody or pos-
session of an executor as such.  This being true, a de-
cree against the executor is not binding upon the heir.
Hedick v. Hedick, 38 Fla. 252, 21 South. Rep. 101, and
cases cited therein; Barco v. Fennell, 24 Fla. 378, 5
South. Rep. 9.

For the reasons stated, the appellee's plea consti-
tuted no defense, even if true, and the chancellor should
have required the next friend of the minor appelants to
set it down for argument, instead of taking issue on it,
or have overruled the plea, of his own motion, as to
them.

The decree of the Circuit Court is reversed for
further proceedings agreeably to chancery practice, and
consistent with this opinion.