FLORIDA MORTG. & INV. CO., Limited, v. FINLAYSON.

(Circuit Court of Appeals, Fifth Circuit. December 13, 1898.)

No. 674.

1. ADMINISTRATION — SUBJECTION OF LANDS BY CREDITOR—BONA FIDE PURCHASER FROM HEIRS.

Under the laws of Florida, the lands of a decedent are assets in the hands of his administrator or executor for the payment of debts, and remain subject to such liability so long as there are debts of the estate unpaid and enforceable. The statute also gives creditors of an estate a remedy by action against the administrator, and the sale of lands under a judgment so obtained. *Held* that, in the absence of a statute providing for the recording of judgments in other counties, one obtaining title to lands shown by the abstract of title obtained to have been acquired by the grantor, by descent, from an ancestor who resided at the time of his death in another county of the state, was chargeable with notice of an unsatisfied judgment against the administrator in such county, and that the administration had not been closed, and took the lands subject to their liability to sale thereunder.

2. SAME—LACHES OF CREDITOR.

Equity follows the law, as to limitations; and, where the life of a judgment is 20 years under the statute, the holder of a judgment against an administrator will not be held guilty of such laches as will authorize a court of equity to set aside a sale of land thereunder, made within such time, where the administration has not been closed, and especially where payments have been made thereon from time to time by the administrator.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

This was a suit in equity by the Florida Mortgage & Investment Company, Limited, against Daniel A. Finlayson, in his own right and as administrator of A. Florida Finlayson, deceased, to remove an alleged cloud from the title to land. From a decree dismissing the bill (74 Fed. 671), complainant appeals.

Thos. L. Shackleford and M. B. K. Pettingill, for appellant.

Thos. L. Clark, for appellee.

Before PARDEE, Circuit Judge, and SWAYNE and PARLANGE, District Judges.

PARDEE, Circuit Judge. The Florida Mortgage & Investment Company, Limited, filed its bill in the circuit court against Daniel A. Finlayson, individually and as administrator of A. Florida Finlayson, deceased, to remove an alleged cloud from the company's title to 800 acres of unoccupied lands situated in Hernando county, Fla. On the hearing in the court below the bill was dismissed, and from the decree denying relief this appeal is prosecuted.

The facts in the case were agreed to as follows:

"(1) In the year A. D. 1872, William J. Bailey departed this life intestate in Jefferson county, Florida, where he then resided, and had lived for a long number of years prior to his death. At the time of his death he was the head of a family, and entitled, under the constitution and laws of Florida, to 160 acres of land, and $1,000 worth of personal property, as exempt from forced sale for the payment of his debts. At the date of his death he was seised of about 3,500 acres of land in Jefferson county, and of a large body of wild lands in Hernando county, Florida, including the 800 acres of land in-

volved in this suit. (2) In July, A. D. 1875, James F. Tucker was duly appointed administrator of the estate of said William J. Bailey, deceased, by the county judge of Jefferson county, Florida, and on that same day filed his bond and qualified as such administrator, and letters of administration issued to him. The administration of said estate has never been finished, but is still pending in Jefferson county; and said James F. Tucker has never been discharged, and is still the administrator of said estate. (3) On July 31, 1875, said James F. Tucker, as administrator of said estate, filed in the office of the county judge of Jefferson county an inventory and appraisement of the personal property of said estate, which shows the appraised value thereof to have been $1,700. The debts due and owing by said deceased at the time of his death, which were duly presented to said administrator, amounted to $4,800, including the debt afterwards reduced to judgment by A. Florida Finlayson, as hereinafter stated. (4) On September 6, A. D. 1875, A. Florida Finlayson recovered in the circuit court of Jefferson county a judgment against said James F. Tucker, as administrator of said William J. Bailey, deceased, for $4,381.40, which was rendered upon a promissory note made by the said deceased, in his lifetime, jointly with James F. Tucker, for money borrowed by them, which said amount by the judgment of said court was to be levied on the goods and chattels, lands and tenements, which were of said William J. Bailey at the time of his death, in the hands of said administrator to be administered, and of all the property of which said deceased died seised or entitled to, which was subject to such administration. (5) In the meantime, and while said judgment was outstanding and unsatisfied, and while the said administration was pending in Jefferson county, the administrator, James F. Tucker, who was the son-in-law of said deceased, with his wife, the daughters of said deceased, and two sons of said deceased, removed from Jefferson to Hernando county, and settled upon some of the unimproved lands of said deceased in the county of Hernando. Afterwards, on December 30, 1882, the said children in Hernando county, and another daughter of the deceased, who continued to reside in Jefferson county, partitioned among themselves, by the execution of mutual deeds, all the lands which belonged to their deceased father, William J. Bailey, at the time of his death; and by one of these partition deeds the other children conveyed their undivided interests as heirs at law of said deceased in certain of the lands in Hernando county to Virginia H. Tucker, the wife of the administrator, James F. Tucker, including the 800 acres of wild land involved in this suit, which is still wild and unoccupied land. (6) On July 25, 1885, James F. Tucker and Virginia H., his wife, procured from complainant, the Florida Mortgage & Investment Company, Limited, a loan of $8,000, and, to secure the payment thereof, executed to complainant a mortgage on the 800 acres of land in controversy. This mortgage was subsequently foreclosed by complainant in the circuit court of Hernando county, and the land sold under the decree of foreclosure, and purchased by J. Hamilton Gillespie, who received a master's deed thereto April 23, 1892, and afterwards, on September 30, 1895, conveyed the same to complainant, for whom, as was understood between the parties, said purchase was made at the master's sale. (7) After the recovery of the aforesaid judgment by A. Florida Finlayson against said James F. Tucker, as administrator of William J. Bailey, deceased, in the circuit court of Jefferson county, the said administrator made sundry payments thereon from year to year; but no execution was issued upon the said judgment during the lifetime of said A. Florida Finlayson, nor until June 15, A. D. 1895, nor was there any transcript or other record of said judgment recorded in Hernando county prior to the sheriff's sale hereinafter mentioned, nor prior to the filing of complainant's bill herein. (8) The execution issued upon said judgment on June 15, 1895, was sued out by and awarded to Daniel A. Finlayson, as administrator of the estate of A. Florida Finlayson, then deceased, upon scire facias proceedings in the circuit court of Second judicial circuit of Florida in and for Jefferson county, and was directed to, all and singular, the sheriffs of the state of Florida, commanding them to levy and satisfy the same of the goods and chattels, lands and tenements, which were of said William J. Bailey at the time of his death, in the hands of James F. Tucker, his administrator, to be administered, and of all the property of which said William J. Bailey died

seised or entitled to which was subject to such administration. Said execution was levied first upon all the lands in Jefferson county, Florida, which were owned by said William J. Bailey at the time of his death; and said lands were sold by the sheriff of Jefferson county, and the proceeds of the sale applied on said execution, leaving still due a large balance thereon. (9) After all the property belonging to the estate of said deceased in Jefferson county had been exhausted, the aforesaid execution was sent to, and placed in the hands of, the sheriff of Hernando county, and by him levied upon the lands situated in Hernando county that belonged to said William J. Bailey at the time of his death, and said lands, including the 800 acres in this controversy, were sold by said sheriff under execution on September 2, 1895; the defendant, Daniel A. Finlayson, becoming the purchaser of said 800 acres, and receiving the sheriff's deed thereto. Of the lands so sold by the sheriff of Hernando county, 1,020 acres were sold at the request of persons present at said sale, in several parcels, and to various persons, to suit the convenience of purchasers, for the aggregate sum of $1,091; and the balance of said lands, aggregating 6,140 acres, was sold in a body to the defendant, Daniel A. Finlayson, for the sum of $500, he being the highest bidder therefor, and no person present having requested that said lands be otherwise sold. (10) On July 25, 1885, when the complainant made the loan to James F. Tucker and Virginia H., his wife, and accepted as security for the same a mortgage on the 800 acres of wild land in controversy, the proper records of Hernando county disclosed the fact that the title to said 800 acres was vested in William J. Bailey, deceased, at the time of his death, and the record of the partition deed made by the other heirs to Virginia H. Tucker showed upon its face that the title intended to be thereby conveyed was the title derived by the grantors by descent from their deceased father, the said William J. Bailey; and the complainant was furnished with an abstract of the title of said lands as shown by the records of Hernando county before the loan was made, and before the mortgage was executed and accepted. It is hereby stipulated and agreed by and between the parties to this cause that all the matters and facts set forth in the five preceding pages are true as therein stated, but only such facts as are therein stated are agreed by the respective parties to be true."

There are several assignments of error, some of which are of too general a nature to be considered, but substantially two grounds of error are presented, as follows: (1) That the court erred, because the appellant is an innocent purchaser of the lands in controversy, for value, and without notice of the claims against the estate of William J. Bailey, deceased, and, therefore, appellant's title is the superior title; (2) that the appellee, Finlayson, and his intestate, were guilty of gross laches in failing to execute the judgment recovered against the estate of William J. Bailey, deceased, until just before a period of 20 years had elapsed.

The validity of the debt, and the regularity of the judgment and the proceedings in execution against the administrator of William J. Bailey, deceased, are not questioned. The agreed statement of facts shows that at the time of said proceedings the administration of the estate of Bailey had never been finished, and was still pending; that James F. Tucker, administrator, had never been discharged, but was still the administrator of said estate; that after the recovery of the judgment by A. Florida Finlayson against James F. Tucker as administrator of William J. Bailey, deceased, the said administrator made sundry payments thereon from year to year; and that, after all the property belonging to the estate of the deceased in Jefferson county had been exhausted, an execution was sent to the sheriff of Hernando county, and levied by him upon the lands in controversy.

In the state of Florida, the lands of a decedent are assets in the hands of his administrators or executors for the payment of debts. Thomp. Dig. p. 202, § 7; Acts 1870, c. 1732, §§ 1, 2; Union Bank v. Powell's Heirs, 3 Fla. 176; Scott v. Lloyd, 16 Fla. 151–154 et seq. See, also, Doyle v. Wade, 23 Fla. 90; 1 South. 516; Merritt v. Daffin, 24 Fla. 320, 4 South. 806. Under the statutes of descent, the lands of an intestate descend to his heirs subject to the payment of debts, and subject to all the incidents of administration. The heirs' title is burdened with this incumbrance, and liable to be defeated by a sale of the land for the payment of the debts of the ancestor. Stewart v. Mathews, 19 Fla. 752. See Watkins v. Holman, 16 Pet. 25. This defect in the heirs' title must necessarily continue as long as the debts of the ancestor, capable of being enforced, are outstanding and unpaid. The proposition is stated in Ricard v. Williams, 7 Wheat. 114, as follows:

"As long as an administration legally subsists, or may be legally granted, this power over the land [the power to subject it to the debts of the ancestor] may be exercised, if the land remains in the possession of the heirs; and it is not defeated simply by an alienation or disseisin of the heirs."

This seems to be the well-established law of the state of Florida, as shown in the decisions of its supreme court hereinbefore cited. Under the statutes of the state of Florida, the lands of a decedent may be sold for the payment of debts under proceedings instituted in the proper court by the executor or administrator. Rev. St. §§ 1920, 1921, 1923. The statutes also give a remedy to creditors, under which they may enforce the payment of their claims by the sale of lands of a decedent under judgments against the executor or administrator. Id. § 1980. It was under this authority that the land in controversy was sold by the sheriff of Hernando county to satisfy the judgment obtained by the creditor against the administrator of Bailey in the court of Jefferson county, the residence of the deceased, which judgment was, in terms, "to be levied of the goods and chattels, lands and tenements, which were of said William J. Bailey at the time of his death, in the hands of said administrator to be administered, and of all the property of which deceased died seised or entitled to, which was subject to administration." In Florida, the general limitation upon judgments is 20 years. Rev. St. § 1294. This case shows that within 20 years from the rendition of the judgment the judgment creditor, by scire facias proceedings, sued out an execution, which was awarded by a court of law having jurisdiction of the same, and under such execution the land in question was sold. It does not appear that the legality or regularity of this proceeding is questioned. It all occurred within the time limited by statute for the execution of judgments. As equity follows the law, it would seem that we ought to be governed by the limitation prescribed in the statute. Story, Eq. Jur. § 529 (64a).

The learned counsel for the appellant, claiming that the supreme court of the state of Florida had never been called upon to discuss or decide the question of the limit of time within which the creditors of an estate must pursue the lands of the deceased in order to subject them to the payment of debts, bases his argument upon the point on the decision of other courts; citing Ricard v. Williams, 7 Wheat. 59,

113; Mays v. Rogers, 37 Ark. 155; Rosenthal v. Renick, 44 Ill. 203; Bishop v. O'Conner, 69 Ill. 431, 476; Johnson v. Peck, 58 Ark. 580, 25 S. W. 865. The general tenor of these decisions is that the claims of creditors to subject real estate of deceased persons to the payment of debts should be prosecuted within a reasonable time, and suggestions are made that the time allowed by law for the lien of judgments against real estate, and the time within which an action to recover real estate may be brought, furnish suitable rules to determine whether the claims are presented in reasonable time. In Bishop v. O'Conner, supra, the supreme court of Illinois says that "the period of seven years is adopted in that state as the limit within which proceedings may be instituted to sell lands by the administrator or creditors of an estate to pay debts, unless special circumstances are shown, explaining and justifying the delay." The seven years is taken by analogy from the legal limitation on the lien of judgments. If we make the rules declared in other courts the proper rule for the state of Florida, and by analogy adopt the limitation of judgments as fixing a reasonable time within which claims against the lands of a decedent should be enforced, the proceeding in this case was within a reasonable time. It is to be noticed that, according to the agreed statement of facts, payments were made on the judgment against the estate of William J. Bailey, deceased, from time to time (exact dates not given), and all the real estate in Jefferson county was first exhausted before proceedings were taken against the lands of Hernando county. Considering this in connection with the fact that the judgment creditor delayed in the execution of his judgment no longer than the law allowed, and laying to one side the question whether laches can be used affirmatively to protect and maintain a title otherwise defective, we are indisposed to hold that the circuit court erred in not maintaining appellant's bill because of the defendant's laches in executing his judgment against the estate of William J. Bailey.

It appears by the agreed statement of facts and exhibits that while the administration of the estate of Bailey was pending, while the judgment in favor of A. Florida Finlayson against the estate was outstanding and unsatisfied, the heirs of William J. Bailey partitioned among themselves, by the execution of mutual deeds, all the lands which belonged to their ancestor, William J. Bailey, at the time of his death, and that by one of these partition deeds the heirs conveyed their undivided interest as heirs at law of the said William J. Bailey in certain lands in Hernando county, including the 800 acres involved in this suit, to Virginia H. Tucker, wife of the administrator, James F. Tucker. This last-mentioned deed was upon record in Hernando county, and the appellant, whose title is through a mortgage and foreclosure proceeding of the lands in question against Virginia H. Tucker, had an abstract before it when it accepted the mortgage of Tucker and wife, which mortgage afterwards ripened into the master's deed under which the appellant now sues. Upon its face, the deed to Virginia H. Tucker was notice to the appellant that the only title which Virginia H. Tucker had to the land in question was the title which descended to the heirs of William J. Bailey, that said Bailey was dead, and that he had his domicile in the county of Jefferson at the time

of his death. Under the laws of Florida, except in certain cases not material here, letters of administration shall be granted in the county where the intestate was domiciled at the time of his death. Act Nov. 20, 1828, § 6; McClel. Dig. p. 77, § 3. The appellant was, therefore, put upon notice that the estate of Bailey must have been administered in Jefferson county, and that the administration of the same was within the jurisdiction of the courts of Jefferson county, the records of which would show whether or not the debts had been paid and the administrator discharged. "In all cases where the purchaser cannot make out a title but by deed, which leads him to another fact, the purchaser shall not be a purchaser without notice of that fact, but shall be presumed cognizant of that fact." Fonbl. Eq. c. 6, § 3; 2 Sugd. Vend. 559; Story, Eq. Jur. § 400a, notes 2 and 4. See, also, 2 Sugd. Vend. 563, § 76; 4 Kent, Comm. 179. It seems, therefore, that the appellant took only the heirs' title, and with knowledge of facts which, in equity, put him upon notice of the existence of the Finlayson judgment against the estate.

The appellant does not contest the general proposition as to notice, but contends that his investigation showed that Bailey had died more than ten years before, and that the heirs had waited until more than seven years after his death before dividing the real estate, and that as no administration had been undertaken in Hernando county, and no judgments or other claims recorded in Hernando county, the complainant was entitled to presume that all the debts of said estate had been satisfied or discharged, or that the creditors thereof were content to look to the property of said estate in the county where administration had been had, and, even if it was the duty of the purchaser to ascertain the place of administration (and the complainant in this case had done so), it would have found that the administration had not been closed up, but had lain dormant for more than ten years, with no effort on the part of any creditor to force a settlement from the administrator, who had removed from the county; that the defendant's intestate had recovered a judgment at least ten years before, and had never asked for execution thereon, and that the proceeds of the personal property had been more than sufficient to pay all the other indebtedness of the estate; and that such facts would have warranted the conclusion that the defendant's intestate, having a lien by virtue of said judgment upon all the realty belonging to the estate in Jefferson county, was content to look to the property in that county for the satisfaction of her judgment. To all this it may be answered that, even if the agreed statement of facts warranted the conclusions claimed, the judgment obtained against the estate of Bailey was not a specific lien upon any real estate, other than as resulted under the laws of Florida rendering the same subject to the payment of debts, that no law required the record of the judgment in any county of the state, that the record of a paper not required by statute to be recorded is not constructive notice to any one, and that there is no law in Florida to require either administrator or creditor to give any sort of notice, by publication, recording, or otherwise, to protect the assets of an estate in other counties from the claims of heirs or other creditors. For these reasons we feel constrained to hold in this case that

the appellant purchased with notice of the defective title which the heirs of Bailey held, and that in all respects the appellant stands, so far as the lands in controversy are concerned, in the shoes of the heirs, and is not an innocent purchaser without notice. As the appellant took the lands in controversy charged with the payment of the debts of the estate of Bailey, and with full notice that they were so charged, the decree of the circuit court dismissing the appellant's bill was correct, and it is affirmed.